# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS SCUDERI, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>MAMMOTH ENERGY SERVICES, INC., ARTY STRAEHLA, and MARK LAYTON,<br><br>   Defendants. | Case No. CIV-19-522-SLP |
| JUSTAS NORMANTAS, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>MAMMOTH ENERGY SERVICES, INC., ARTY STRAEHLA, and MARK LAYTON,<br><br>   Defendants. | Case No. CIV-19-560-SLP |

**MOTION OF THE FURIA FAMILY FOR
(1) CONSOLIDATION OF CASES;
(2) APPOINTMENT AS LEAD PLAINTIFFS; AND
(3) APPOINTMENT OF LEAD AND LOCAL COUNSEL
<u>AND BRIEF IN SUPPORT</u>**

Daniel, Vincent, and Sharon Furia (the "Furia Family", or "Movants"), hereby move this Court for entry of an Order: (1) consolidating the above-captioned cases, (2) appointing the Furia Family as Lead Plaintiffs, and (3) appointing the Furia Family's choice of Block & Leviton LLP and Jones, Gotcher & Bogan P.C. as lead and local counsel.

This Motion is made on the grounds that the Furia Family is the "most adequate plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). In support of this Motion, the Furia Fmaily submits herewith the following Brief, and the Declaration of Jacob A. Walker in Support of this Motion.

## BRIEF

### INTRODUCTION

The above two putative class action lawsuits (the "Related Actions") are pending before this Court on behalf of purchasers of Mammoth Energy Services, Inc. ("Mammoth" or the "Company") securities seeking to pursue remedies under the Securities Exchange Act of 1934 (the "'34 Act") against the Company and certain of its executives.

The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The Related Actions assert nearly identical claims against identical defendants on behalf of nearly identical classes of investors that purchased Mammoth securities during a nearly identical period. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The lead plaintiff is the member of the "purported plaintiff class that the

court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the lead plaintiff with the "largest financial interest" in the relief sought by the class is the most adequate, and therefore the lead plaintiff. 15 U.S.C. § 78u-4(a)(B)(iii). At the time of filing, the Furia Family is not aware of any other lead plaintiff applicant with a financial interest larger than their own: the family lost $989,215.54 in its investment in Mammoth during the alleged class period.

## FACTS

On October 19, 2017, Mammoth announced in a press release that its subsidiary Cobra Acquisitions LLC ("Cobra"), had entered into a contract with the Puerto Rican Electric Power Authority ("PREPA"), to rebuild Puerto Rico's power grid. ¶ 15.[1] Between November 2017 and May 2019, Mammoth filed multiple disclosures with the Securities Exchange Commission ("SEC") regarding its contracts with PREPA that attested to the accuracy of its financial reporting and the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud. ¶¶ 16-32.

On May 24, 2019, the Wall Street Journal published an article entitled "FEMA Official Probed Over Puerto Rico Power Restoration," stating that the Federal Emergency Management Agency ("FEMA") Deputy Regional Administrator, was under investigation

---

[1] Citations to "¶ __" are to the first-filed complaint in *Scuderi v. Mammoth Energy Services Inc.*, No. 5:19-cv-00522-SLP (ECF No. 1).

by the Department of Homeland Security ("DHS"), relieved of her duties, and placed on administrative leave, over allegations that she improperly steered work to Cobra. ¶ 33.

On June 5, 2019 the Wall Street Journal further reported that the Federal Bureau of Investigation opened a criminal investigation into improper contacts between FEMA's Deputy Regional Administor who was suspended, and Mammoth's president, Keith Ellison.  Mammoth's stock price fell following publication of the May 24, 2019, Wall Street Journal article, from $12.24 at close on May 23, 2019 to $11.74 at close on May 24, 2019, a drop of almost 5%. Following publication of the June 5, 2019, Wall Street Journal article, Mammoth Energy's stock price fell from $11.20 at close on June 4, 2019 to $6.11 at close on June 6, 2019, a drop of almost 55%. All totaled, approximately $250 million in Mammoth's market capitalization was wiped out.

Mammoth is alleged to have made materially misleading statements and omissions regarding the Company's relationship with PREPA, thus artificially inflating the price of its shares. ¶¶ 34-37.

Two cases have been filed in this Court asserting federal securities law claims against various Defendants who are alleged to have promoted and participated in Mammoth's material misstatements and omissions:

- *Scuderi v. Mammoth Energy Services Inc.,* Case 5:19-cv-00522-SLP (06/07/19) ("*Scuderi Compl.*")

- *Normantas v. Mammoth Energy Services Inc.,* Case 5:19-cv-00560-SLP (6/19/2019) ("*Normantas Compl.*")

(together, the "Related Cases").

The Related Cases are almost identical. They have the same Defendants: both of the Related Cases bring claims against Mammoth (*Scuderi Compl.* ¶ 7, *Normantas Compl.* ¶ 7), Arty Straehla (*Scuderi Compl.* ¶ 8, *Normantas Compl.* ¶ 8); and Mark Layton (*Scuderi Compl.* ¶ 9, *Normantas Compl.* ¶ 9).

The Related cases have virtually identical claims. Both Related Cases include counts under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 (*Scuderi Compl.* ¶ 48, *Normantas Compl.* ¶ 48,); Both Related Cases also include counts under Section 20(a) of the Exchange Act (*Scuderi Compl.* ¶ 61, *Normantas Compl.* ¶ 61).

Finally, the PSLRA cases are based on the same operative facts: namely, the material misstatements and omissions made by the Company in connection with its dealings with the PREPA. (*Scuderi Compl.* ¶¶ 35-37; *Normantas Compl.* ¶¶ 35-37).

## ARGUMENT

**I.  The above-captioned cases should be consolidated.**

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [regarding the appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Rule 42(a) of the Federal Rules of Civil Procedure grants the court discretion to consolidate actions involving a "common question of law or fact." *In re SemGroup Energy Partners, L.P., Sec. Litig.,* No. 08–CV–425–GKF–PJC, 2008 WL 4826318, at *1 (N.D. Okla. Oct. 27, 2008) (consolidating securities actions where, "discovery necessarily

5

involves overlapping defendants and a common core of facts and legal issues that all relate to a purported scheme and course of conduct of deception"); *see also Cooke v. Equal Energy Ltd.*, No. CIV-14-0047-C, 2014 WL 3819159, at *1 (W.D. Okla. May 8, 2014) (Noting that "[u]nder subparagraph (B)(ii) (of 15 U.S.C. § 78u–4(a)(3)(B)), the question on consolidation concerns whether each action asserts substantially the same claim or claims arising under this title. This language is consistent with Fed.R.Civ.P. 42(a), which states: "If actions before the court involve a common question of law or fact, the court may ... (2) consolidate the actions (citation omitted).").

Here, as described above, the Related Cases have the same Defendants, the same legal claims, and all arise under substantially the same set of facts: the material misstatements made by Mammoth. As such, they qualify for consolidation under Fed. R. Civ. P. 42(a). *See* S*emGroup* 2008 WL 4826318, at *1, and *Equal Energy* 2014 WL 3819159, at *1. Accordingly, the cases should be consolidated into the first-filed *Scuderi*, action, Case 5:19-cv-00522-SLP. Upon selection as lead plaintiff, the Furia Family propose to file a single consolidated class action complaint.

## II.     The Furia Family should be appointed lead plaintiffs.

The PSLRA provides a straightforward procedure for selecting a lead plaintiff for each private action that arises under the '34 Act brought as a class action. 15 U.S.C. § 78u-4(a) *et seq*.

First, the pendency of the action must be publicized in a widely-circulated national business-oriented publication or wire services not later than 20 days after the filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the court adopt a presumption that the most adequate plaintiff is the person or group of persons that either "filed the complaint or made a motion in response to a notice," or, "in the determination of the court, has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Equal Energy 2014 WL 3819159, at \*2, Indep. Sch. Dist. No. 89, Oklahoma Cty., Okl. v. Bolain Equip., Inc.*, 90 F.R.D. 245, 247 *(W.D. Okla. Feb. 19, 1980).*

Finally, this presumption can be rebutted "only upon proof by a member of the purported plaintiff class" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class", or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### A.   The Furia Family's motion is timely.

Notice was published, consistent with the requirements of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A), on June 7, 2019, through Business Wire, a widely-circulated national business-oriented news reporting wire service. See Declaration of Jacob Walker ("Walker Decl."), Ex. A. The notice correctly informed investors that the statutory deadline to move for lead plaintiff would fall on August 6, 2019. *Id*. As the Furia Family has filed its motion on this deadline, it has complied with the statutory requirement and is entitled to be considered for appointment as lead.

### B.    The Furia Family has a large financial interest in this case.

As evidenced by its Certifications, the Furia Family[2] expended more than $1,251,584.37, acquiring 40,397 shares of Mammoth securities during the Class Period at artificially inflated prices, and suffered $989,215.54 in losses as a result of defendants' alleged wrongdoing. *See* Walker Dec. Exs. B-E. To the best of the Furia Family's counsel's knowledge, there are no other applicants seeking lead plaintiff appointment with a larger financial interest. Therfore, the Furia Family is entitled to the presumption provided under the PSLRA.

### C.    The Furia Family is typical and adequate.

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(ii)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *See also Weinstein v. McClendon, et al.,* No. CIV–12–465–M, 2012 WL 2994291, at *2 (W.D. Okla. July 20, 2012).

"Typicality asks whether 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(a)(3)). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Id* (quoting Fed. R. Civ. P. 23(a)(4)). The

---

[2] Sharon Furia is the spouse of Daniel Furia's father; Vincent Furia is Daniel Furia's uncle.

typicality requirement is satisfied "so long as the claims of the class representative and class members are based upon the same legal or remedial theory." *Wolfe v. Aspenbio Pharma, Inc.*, 275 F.R.D. 625, 628 (D. Colo. 2011).

Here, the Furia Family purchased 40,397 shares in Mammoth after the Company is alleged to have made material misstatements and omitted to disclose material facts. In addition, the Furia Family's substantial stake in the outcome of the case indicates that it has the required incentive to vigorously represent the class's claims. Moreover, the Furia Family is not aware of any conflicts between its claims and those asserted on behalf of the putative class. Nor is the Furia Family aware of any unique defenses to which it might be subject. Finally, as discussed below, the Furia Family has selected qualified counsel experienced in securities litigation.

The Furia Family's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel, demonstrate that it satisfies the preliminary Rule 23 inquiry. For these reasons, Furia Family should be appointed as Lead Plaintiff.

### III. The Furia Family's choice of Block & Leviton and Jones Gotcher should be appointed lead and local counsel.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 5 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *McClendon*, 2012 WL 2994291, at *2 ("A court should not disturb the lead plaintiff's choice of counsel unless necessary to 'protect the interests of the class.'") (quoting 15

U.S.C. § 78u- 4(a)(3)(B)(iii)(II)(aa)); *In re Cohen v. United States Dist. Court* for the N. Dist. of Cal., 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice"). The Furia Family has selected Block & Leviton as lead counsel and Jones Gotcher as local counsel in this case.

As evidenced by its firm resume (Walker Decl. Ex. F), Block & Leviton has significant experience litigating federal securities fraud class actions throughout the country. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.)*. I find the experience garnered from such representations will benefit the shareholders in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D. N.J. 2018) (ECF No. 21) (internal quotations and citations omitted).

Accordingly, the Furia Family's selection of counsel is reasonable and should be approved.

## CONCLUSION

The Furia Family respectfully requests the above-captioned cases be consolidated, the Furia Family be appointed as lead plaintiffs, and their choice of counsel be appointed as lead and local counsel.

August 6, 2019                           Respectfully submitted,

                                                  s/ C. Michael Copeland
C. Michael Copeland OBA No. 13261
**JONES, GOTCHER & BOGAN P.C.**
3800 First Place Tower
15 East 5th Street
Tulsa, Oklahoma 74103
(918) 581-8200 phone
(918) 583-1189 fax
mcopeland@jonesgotcher.com

*Counsel to the Furia Family and*
*Proposed Local Counsel*

Jeffrey C. Block, *pro hac vice forthcoming*
Jacob A. Walker, *pro hac vice forthcoming*
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockesq.com
jake@blockesq.com

*Counsel to the Furia Family*
*and Proposed Lead Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 6, 2019, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

                                              s/ C. Michael Copeland
                                              C. Michael Copeland