# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS SCUDERI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAMMOTH ENERGY SERVICES, INC., ARTY STRAEHLA, and MARK LAYTON,<br><br>Defendants. | Case No. CIV-19-522-SLP |
| JUSTAS NORMANTAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAMMOTH ENERGY SERVICES, INC., ARTY STRAEHLA, and MARK LAYTON,<br><br>Defendants. | Case No. CIV-19-560-SLP |

## THE FURIA FAMILY'S OPPOSITION TO
## SARASOTA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

Daniel, Vincent, and Sharon Furia (the "Furia Family"), submit this opposition to the competing motions for appointment as Lead Plaintiff filed by The City of Sarasota General Employees Defined Benefit Plan ("Sarasota") (ECF No. 24),[1] and in further support of their own motion for appointment as lead plaintiff (ECF No. 22).[2]

## I. Under the PSLRA, the Furia Family is undisputedly entitled to the statutory presumption that they are the "most adequate plaintiff."

Under the PSLRA, the "court shall adopt a presumption that the most adequate plaintiff in any private action . . . is the person who . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Here, there is no question that the Furia Family has the "largest financial interest" in the relief sought by the class. To determine the "largest financial interest," courts look to the four factors outlined in *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill., Aug. 11, 1997); *In re Williams Sec. Litig.*, No. 02-CV-72-H(M), 2002 WL 32153476, at * 2 (N.D. Okla. Jul. 8, 2002); *Mariconda v. Farmland Partners Inc.*, 2018 WL 6307868, at *3 (D. Colo. Dec. 3, 2018) ("[T]here appears to be a clear weight of authority favoring the four-factor *Lax* test"). The four factors are (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds

---

[1] All movants agree that the above-captioned cases should be consolidated.

[2] The Mammoth Investor Group withdrew their motion on August 27, 2019 (ECF No. 31).

expended; and (4) the approximate losses suffered. *Id*. Under all four measures, the Furia Family has far and away the largest financial interest:

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Approximate Losses |
|---|---|---|---|---|
| **Furia Family[3]** | | | | |
| Daniel Furia | 35,000 | 35,000 | $1,087,256 | $859,731 |
| Sharon Furia | 2,662 | 2,662 | $81,359 | $64,294 |
| Vincent Furia | 2,735 | 2,735 | $82,969 | $65,189 |
| **Total** | **40,397** | **40,397** | **$1,251,584** | **$989,214** |
| **Sarasota[4]** | **7,160** | **3,728** | **$161,037** | **$134,701** |

The Furia Family purchased a total of 33,237 more shares than Sarasota, a net total of 36,669 shares more than Sarasota, spent $1,091,000 more than Sarasota on the shares, and lost $854,513 more than Sarasota.[5] The Furia Family clearly has the largest financial interest in the relief sought by the class in this litigation.

## II. No competing movant can provide the proof required to rebut the presumption.

Under the PSLRA, the rebuttable presumption afforded to the Furia Family can be rebutted "only upon proof . . . that [the Furia Family] . . . will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

---

[3] ECF No. 22.

[4] ECF No. 24. While Sarasota did not perform its own loss calculations, the losses above are calculated using the information provided in Sarasota's certification (ECF No. 25-2).

[5] Daniel Furia alone has losses that vastly exceed Sarasota's.

Sarasota has not and cannot put forward the requisite proof of the Furia Family's inadequacy.[6] As a result, the Furia Family is entitled to the PSLRA's lead plaintiff presumption.

**CONCLUSION**

The Furia Family has the largest financial interest in the relief sought by the class in this litigation and is thus entitled to the PSLRA's lead plaintiff presumption. No movant can provide the proof required to rebut that presumption. The Court should appoint the Furia Family as lead plaintiff, and their choice of counsel[7] as lead and local counsel.

---

[6] Any argument that Sarasota should be appointed as lead merely because it is an institutional investor should be rejected. *See, e.g., Kapur v. Usana Health Scis., Inc.*, No. 2:07-cv-177-DAK, 2007 WL 3046664, at *2 (D. Utah Oct. 17, 2007). In *Usana Health*, in a situation similar to this one (with an individual investor reporting losses three times higher than an institutional investor), the Court rejected just such an argument: "While the legislative history reflects that Congress intended the Lead Plaintiff provisions to increase the likelihood that institutional investors would participate in litigation as a result of the size of the holdings held by such institutions, it did not choose to make any special preference for institutional investors in the plain language of the PSLRA." *Id. See also, e.g., In re McDermott Int'l Inc. Sec. Litig.*, No. 08 CIV 9943 (DC), 2009 WL 579502, at *6 (S.D.N.Y. Mar. 6, 2009); *Rabin v. John Doe Mkt. Makers*, 254 F.Supp.3d 754, 760-61 (E.D. Pa. 2015).

[7] "The Court should not disturb Plaintiff's choice of counsel unless it is necessary to protect the interests of the class." *Cooke v. Equal Energy Ltd.*, No. CIV-14-0087-C, 2014 WL 3819159, at *3 (W.D. Okla. May 8, 2014) (internal quotations and citations omitted).

August 27, 2019                                Respectfully submitted,

/s/ Jacob A. Walker
Jeffrey C. Block, *pro hac vice*
Jacob A. Walker, *pro hac vice*
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockesq.com
jake@blockesq.com

*Counsel to the Furia Family
and Proposed Lead Counsel*

C. Michael Copeland OBA No. 13261
**JONES, GOTCHER & BOGAN P.C.**
3800 First Place Tower
15 East 5th Street
Tulsa, Oklahoma 74103
(918) 581-8200 phone
(918) 583-1189 fax
mcopeland@jonesgotcher.com

*Counsel to the Furia Family and
Proposed Local Counsel*

## CERTIFICATE OF SERVICE

I certify that on August 27, 2019, I electronically transmitted the above document to the Clerk of the Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of the Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

/s/ Jacob A. Walker
Jacob A. Walker