# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  **THOMAS SCUDERI**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>1.  **MAMMOTH ENERGY SERVICES, INC.**,<br>2.  **ARTY STRAEHLA**, and<br>3.  **MARK LAYTON**,<br><br>Defendants. | Case No. 5:19-cv-00522-SLP<br><br>**District Judge Scott L. Palk**<br><br><u>**CLASS ACTION**</u> |
| 1.  **JUSTIN NORMANTAS**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>1.  **MAMMOTH ENERGY SERVICES, INC.**,<br>2.  **ARTY STRAEHLA**, and<br>3.  **MARK LAYTON**,<br><br>Defendants. | Case No. 5:19-cv-00560-SLP<br><br>**District Judge Scott L. Palk**<br><br><u>**CLASS ACTION**</u> |

(Captions continue on following page.)

| | |
|---|---|
| 1. **THE CITY OF SARASOTA GENERAL EMPLOYEES DEFINED BENEFIT PENSION PLAN**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>1.  **MAMMOTH ENERGY SERVICES, INC.**,<br>2.  **ARTY STRAEHLA**, and<br>3.  **MARK LAYTON**,<br><br>Defendants. | Case No. 19-cv-00720<br><br>**District Judge Scott L. Palk**<br><br><u>**CLASS ACTION**</u> |

**THE CITY OF SARASOTA GENERAL EMPLOYEES DEFINED BENEFIT PENSION PLAN'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR CONSOLIDATION, APPOINTMENT AS LEAD <u>PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT...................................................................................................................... 3

   I.  The Related Class Actions Should Be Consolidated ............................................... 3

  II.  The Competing Motions Submitted By The Furia Family And The
      Mammoth Energy Investor Group Should Be Denied ........................................... 4

     A.  The Furia Family Is Not Adequate Because One Of Its Members
        Is A Convicted Felon With A History Of Dishonest And
        Criminal Conduct....................................................................................... 5

     B.  The Furia Family Has Not Demonstrated That It Is A Cohesive
        Group That Can Effectively Oversee The Litigation And Counsel ................... 7

     C.  The Mammoth Energy Investor Group's Competing Motion
        Should Be Denied Because It Claims A Smaller Financial
        Interest Than The City of Sarasota ......................................................... 8

  III. The City of Sarasota Should Be Appointed As Lead Plaintiff............................. 10

CONCLUSION ................................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**                                                                                  **Page(s)**

*Hartsell v. Source Media*,
   No. 98-cv-01980, 2003 WL 21245989 (N.D. Tex. Mar. 31, 2003)............................... 6

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ............................................................................. 4, 8, 9

*In re Proxima Corp. Sec. Litig.*,
   No. 93-1139-IEG(LSP), 1994 WL 374306 (S.D. Cal. May 3, 1994)........................... 7

*In re Surebeam Corp. Sec. Litig.*,
   No. 03 CV 1721JM(POR), 2004 WL 5159061 (S.D. Cal. Jan. 5, 2004) ...................... 6

*Nakamura v. BRF S.A.*,
   No. 18-cv-2213 (PKC), 2018 WL 3217412 (S.D.N.Y. July 2, 2018) .......................... 7

*Savino v. Computer Credit, Inc.*,
   164 F.3d 81 (2d. Cir. 1998)..................................................................................... 6

*Takara Trust v. Molex*,
   229 F.R.D. 577 (N.D. Ill. 2005).............................................................................. 4

*Utopia Entm't, Inc. v. Claiborne Par.*,
   No. CIV.A. 03-1355, 2006 WL 548476 (W.D. La. Mar. 6, 2006) ........................... 6, 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008).......................................................................7

*Wolfe v. AspenBio Pharma, Inc.*,
   275 F.R.D. 625 (D. Colo. 2011) ............................................................................ 10

*Xianglin Shi v. Sina Corp.*,
   No. 05 CIV. 2154 (NRB), 2005 WL 1561438 (S.D.N.Y. July 1, 2005) ................... 6, 7

**Statutes and Other Authorities**

15 U.S.C. § 78u-4 ....................................................................................................... 1, 4

H.R. Conf. Rep. No. 104-369 (1995) ............................................................................ 10

The City of Sarasota General Employees Defined Benefit Pension Plan (the "City of Sarasota" or the "Movant") respectfully submits this memorandum of law in opposition to the competing motions (Dkt. 18, 22) and in further support of its motion for consolidation, appointment as Lead Plaintiff, and approval of selection of counsel (Dkt. 23).[1]

## PRELIMINARY STATEMENT

The City of Sarasota should be appointed as Lead Plaintiff in this matter because it is the movant with the largest financial interest in the litigation that is capable of satisfying the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (the "PSLRA").   The PSLRA establishes a presumption that the movant with the largest financial interest is also the most adequate plaintiff; however, this presumption is rebuttable upon a showing that the movant with the largest financial interest is not adequate to serve as a fiduciary of the class.

In this case, there is evidence that the Furia Family is not adequate to serve as a fiduciary of the class, as it is being led by **Daniel D. Furia, a convicted felon who pleaded guilty to identity theft and tampering with government records**.   Indeed, Daniel D. Furia suffered 87% of the Furia Family's claimed losses in this action, and without consideration of Daniel D. Furia's claimed losses, the remaining members of the Furia

---

[1] Unless otherwise noted, all references to "Dkt." refers to the docket entries in *Scuderi v. Mammoth Energy Services, Inc.*, No. 19-cv-00522-SLP (W.D. Okla. 2019).   The two competing movants are the Mammoth Investor Group (Dkt. 18) and the Furia Family (Dkt. 22).

Family claim less losses than the City of Sarasota, and thus would not be the presumptive most adequate plaintiff by virtue of having the largest financial interest in this case.   An examination of Daniel D. Furia's background reveals decades of troubling behavior, including multiple arrests for conduct that directly implicate his adequacy.   Courts have readily disqualified entire proposed lead plaintiff groups that included a member with similar records of criminal dishonesty.   As such, Daniel D. Furia and the Furia Family are inadequate to serve as lead plaintiff in this litigation.

Even beyond Daniel D. Furia's criminal past, there are significant questions as to how the Furia Family would function as a "group" leading this litigation, including how they would resolve any internal conflicts.   Given that the Furia Family has failed to submit a joint declaration identifying, *inter alia*, the nature of their relationship to each other and affirming their intentions to cooperate in the prosecution of this action – which is a common requirement to show the adequacy of *any group* seeking to be appointed as Lead Plaintiff – the Furia Family has not otherwise demonstrated their adequacy to lead this complex action.   The Furia Family's lack of transparency belies concerns that its members do not understand the role of the Lead Plaintiff, or the nature of their expected involvement in this litigation.

It is often the case that individual investors fail to understand the responsibilities of a lead plaintiff when their application is related to their response to a vague and unclear "press release" seeking their involvement in a securities class action.   Here, the Furia Family's proposed lead counsel, Block & Leviton, published several such "press releases" soliciting Mammoth shareholders to visit the firm's website and submit their financial

2

interests in Mammoth.   In fact, Block & Leviton continued to issue press releases even after Danial D. Furia executed his statutory certification in June 3, 2019.   At a minimum, the Furia Family should address directly their decision to move for Lead Plaintiff and their process in selecting Block & Leviton as the proposed Lead Counsel on behalf of the purported class.

To the contrary, the City of Sarasota is a sophisticated institutional investor that the PSLRA sought to encourage be appointed as Lead Plaintiff, who is otherwise adequate to lead this Action.   The City of Sarasota has already demonstrated its adequacy to vigorously prosecute this action through its filing of a complaint that added allegations against the Defendants intended to benefit the putative class.   In addition, the City of Sarasota is the presumptive most adequate plaintiff with the largest financial interest in the litigation, but-for the deficient application submitted by the Furia Family.

For these reasons, and as set forth below, the PSLRA mandates that Sarasota be appointed as Lead Plaintiff in this litigation.

## ARGUMENT

### I.      The Related Class Actions Should Be Consolidated

All movants agree that consolidation of the *Scuderi* and *Normantas* actions is appropriate.[2]   *See* Dkt. 19 at 4, Dkt. 22 at 5, and Dkt. 25 at 8.   On August 6, 2019, the City of Sarasota commenced an additional action against the Defendants alleging similar

---

[2] All references to the "*Normantas* Action" refer to the action titled *Normantas v. Mammoth Energy Services, Inc. et al,* 19-cv-00560-SLP (W.D. Okla. 2019).

3

facts and wrongful conduct, but also adding an alleged corrective disclosure.   This action has also been assigned to this Court.[3]   Accordingly, the above-captioned actions (the "Actions") should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

## II.     The Competing Motions Submitted By The Furia Family And The Mammoth Energy Investor Group Should Be Denied

While the PSLRA establishes a presumption that the most adequate plaintiff is the movant who has the greatest financial stake in the outcome of the case, ***this presumption is rebuttable*** upon a showing that the plaintiff is not adequate or typical under Rule 23 of the Federal Rules of Civil Procedure.   PSLRA, 15 U.S.C.A. § 78u-4(a)(3)(B)(iii)(II); *see In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).   The process of weighing competing movants is sequential, "starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."   *Cavanaugh*, 306 F.3d at 732.   "The PSLRA does not specify how [courts] should decide which plaintiff group has the 'largest financial interest' in the relief sought, [but] most courts simply determine which potential lead plaintiff has suffered the greatest total losses."   *See Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).

Here, the Furia Family claims to have the largest financial interest in the action with combined losses of $989,215.54; however, the Furia Family is unable to demonstrate its

---

[3] All references to the "*City of Sarasota* Action" refer to action titled *City of Sarasota General Employees Defined Benefit Pension Plan v. Mammoth Energy Services, Inc. et al.*, No. 19-cv-00760-SLP (W.D. Okla.).

4

adequacy to serve as Lead Plaintiff and a fiduciary representative of the putative class. The City of Sarasota, the movant with the next greatest financial interest in the outcome of the litigation with losses of $133,595.84, is therefore next-in-line as the presumptive most adequate plaintiff. The City of Sarasota is otherwise typical and adequate to represent the putative class, and thus is entitled to be appointed as Lead Plaintiff. The Mammoth Investor Group has claimed the smallest financial interest among the movants (with claimed losses of $52,488.00), and thus – *even assuming, <u>arguendo</u>, that it is a "proper" group* – is not entitled to be appointed as Lead Plaintiff.

### A. The Furia Family Is Not Adequate Because One Of Its Members Is A Convicted Felon With A History Of Dishonest And Criminal Conduct

The Furia Family cannot satisfy the adequacy requirement of Rule 23 because Daniel D. Furia, the group member who suffered approximately $859,731.46 the Furia Family's overall claimed losses of $989,215.54 (87%), has a criminal history that undermines his ability to serve as fiduciary on behalf of the class.

In 2009, Daniel D. Furia **pleaded guilty** in a Pennsylvania court to the crime of **tampering with public records** after he "applied for a learner's permit at the PennDOT Licensing Center using the birth certificate, and social security card, and signature of another individual." *See* Exs. 1 and 2 to the Declaration of Ian D. Berg filed herewith ("Berg Decl."). **In addition**, Daniel D. Furia has felony conviction in a New Jersey court, having been **found guilty of intent to distribute a controlled substance**. *See* Berg Decl., Ex. 2.

5

Honesty and trustworthiness are relevant factors in determining an individual's ability to serve as a class representative on behalf of a class. *See, e.g., Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d. Cir. 1998). "On more than one occasion courts have found that an individual is an inadequate lead plaintiff due to unrelated misconduct which implicates the individual's ability to serve as a fiduciary." *In re Surebeam Corp. Sec. Litig.,* No. 03 CV 1721JM(POR), 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) (citations omitted). For this reason, courts have rejected appointment of class representatives on the basis of a felony drug conviction. *See e.g., Utopia Entm't, Inc. v. Claiborne Par.,* No. CIV.A. 03-1355, 2006 WL 548476, at *1 (W.D. La. Mar. 6, 2006) (rejecting appointment of a twice convicted drug distribution felon).

More important, courts have held that a fraud conviction or *other forms of dishonesty* undermine a proposed class representative's adequacy to represent the class. *See Xianglin Shi v. Sina Corp.,* No. 05 CIV. 2154 (NRB), 2005 WL 1561438, at *4-5 (S.D.N.Y. July 1, 2005) (disqualifying proposed group as class representative whose member with the largest financial interest had been convicted of providing false information to a financial institution); *see also Hartsell v. Source Media*, No. 98-cv-01980, 2003 WL 21245989, at *3 (N.D. Tex. Mar. 31, 2003) ("recognition of that fiduciary duty to the class as a whole should compel recognition of a serious potential problem for the class, when a class representative, whose duties obviously require acting on behalf of absent persons, is convicted of a felony involving fraud").

In *Sina Corp.*, a lead plaintiff group was rejected because its member with the largest financial interest had been convicted of criminal fraud that rendered the group unable to

6

fairly and adequately protect the interests of the class.   *See Sina Corp.,* 2005 WL 1561438, at \*5.   In *Utopia Entm't*, the court similarly denied a proposed class representative on the basis of felony drug convictions.   *See Utopia Entm't,* 2006 WL 548476, at \*1.   Here, Mr. Furia has exhibited a degree of misconduct surpassing that of *Sina Corp.* or *Utopia Entm't* given he has been convicted of felony drug charges *and* pleaded guilty to a charge of tampering with public records that included his attempted use of another person's identity. *See also In re Proxima Corp. Sec. Litig.*, No. 93-1139-IEG(LSP), 1994 WL 374306, at \*17-18 (S.D. Cal. May 3, 1994) (disqualifying class representative who admitted to committing fraud).   As such, this Court should similarly deny the Furia Family's application.

### B.   The Furia Family Has Not Demonstrated That It Is A Cohesive Group That Can Effectively Oversee The Litigation And Counsel

While the PSLRA provides that a "person or group of persons" may seek appointment as lead plaintiff, courts have approached such groupings "on a case-by-case basis" in an effort to determine if the group's appointment would best serve the class.   15 U.S.C. § 78u-4(3)(b)(iii)(I); *see also Nakamura v. BRF S.A.*, No. 18-cv-2213 (PKC), 2018 WL 3217412, at \*3 (S.D.N.Y. July 2, 2018) (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)).   Further, related members of a proposed lead plaintiff groups have the burden of demonstrating that they can function to cohesively and effectively manage the litigation.   *Nakamura,* 2018 WL 3217412, at \*3.

While weight is afforded to familial relationships, evidence of a pre-existing relationship between a group's members absent additional specifics as to their history has

been found to be insufficient to meet the burden. *Id.* In *Nakamura*, the joint declaration of two brothers claiming "a long history of cooperation in business matters" was denied for, among other things, vague and conclusory assurances. *Id.* An indication of how the Furia Family would propose to manage the litigation is particularly important considering the "press release" campaign of its counsel, Block & Leviton. Beginning on May 24, 2019, Block & Leviton started releasing vague press releases that encouraged Mammoth Energy's shareholders to "become involved" in the litigation. *See* Berg Decl., Ex. 3 (*e.g.*, June 9, 2019 Press Release). It is often the case that individuals responding to similar press releases fail to understand the role and responsibilities of a Court-appointed Lead Plaintiff – indicating the type of lawyer-driven litigation that Congress intended to curb when enacting the PSLRA.

> **C.    The Mammoth Energy Investor Group's Competing Motion Should Be Denied Because It Claims A Smaller Financial Interest Than The City of Sarasota**

Courts must examine potential lead plaintiffs sequentially, in descending order, "starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh,* 306 F.3d at 732. When, as here, the movants claiming the largest financial interest do not satisfy the Rule 23 requirements, the Court must perform an inquiry to identify the movant with the next largest financial interest that satisfies the requirements of Rule 23. *Id.* at 730. The chart shown in Figure 1 below provides the totals losses claimed by all competing movants:

**Figure 1**

| Movants | LIFO / FIFO Losses |
| --- | --- |
| Furia Family | $ (989,215.54) |
| City of Sarasota | $ (133,595.84) |
| Mammoth Investor Group | $ (52,488.00) |

The City of Sarasota, an institutional investor of the kind preferred by the PSLRA to be lead plaintiff of class actions brought pursuant to the federal securities laws, suffered losses of approximately *$133,595* on its purchases of Mammoth common stock during the alleged Class Period October 19, 2017 through June 5, 2019 (the "Class Period"). *See* Berg Decl., Ex. 4. Comparatively, the Mammoth Energy Investor Group, a group of five seemingly unrelated individuals which has offered no details as to how it was formed, suffered combined losses of only *$52,488* on its purchases of Mammoth common stock during the alleged Class Period—less than half the amount of the City of Sarasota's losses.[4]

Since the City of Sarasota suffered larger losses than the Mammoth Investor Group, the City of Sarasota is the presumptive most adequate plaintiff and should be appointed as Lead Plaintiff upon a finding that it is adequate and typical under Rule 23. *See Cavanaugh*, 306 F.3d at 732 (court considers other motions "if and only if" the presumptive lead plaintiff is "found inadequate or atypical").

Furthermore, even though it would be appropriate for the Court to deny the Lead Plaintiff application of the Furia Family based on the inadequacy of Daniel D. Furia, it is

---

[4] *See* Declaration of William B. Federman in Support of the Mammoth Energy Investor Group's Motion to: Consolidate the Related Cases; Appoint Lead Plaintiff; and Approve of Lead Plaintiff's Selection of Counsel (Dkt. 20, Ex.3).

notable that the City of Sarasota suffered greater losses ($133,595.84) than those claimed by the remaining members of the Furia Family ($129,484.08, comprised of $65,189.63 attributed to Vincent Furia and $64,292.45 attributed to Sharon Furia).   Thus, even if the Court was able to alleviate its concern that the Furia Family could function without the influence of Daniel D. Furia, they would not be the presumptive most adequate plaintiff with the largest stake in the litigation.

**III.   The City of Sarasota Should Be Appointed As Lead Plaintiff**

The City of Sarasota should be appointed as Lead Plaintiff because with the largest financial interest in the litigation that satisfies adequacy and typicality requirements of Rule 23.

The City of Sarasota is typical because its claims are based upon the same legal and remedial theory as those of other class members.   *See Wolfe v. AspenBio Pharma, Inc.,* 275 F.R.D. 625, 628 (D. Colo. 2011) (citation omitted).   The City of Sarasota is adequate because its interests are perfectly aligned with those of the other members of the Class and are not antagonistic in any way.   *Id.* (citation omitted).   Moreover, the City of Sarasota has already demonstrated that they will vigorously prosecute the litigation through its diligent investigation resulting in a complaint adding allegations that will potentially benefit the Class.   *See City of Sarasota,* Dkt. 1.   In addition, there no facts to suggest that an actual or potential conflict of interest exists between the City of Sarasota and other members of the class.

Moreover, the City of Sarasota is an institutional investor, precisely the type of investor that Congress sought to encourage to serve as lead plaintiff when it enacted the

PSLRA.   *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733.   The City of Sarasota has selected and retained Abraham, Fruchter & Twersky, LLP, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the Class; and, The Tawwater Law Firm, P.L.L.C., a well-established litigation law firm located in Oklahoma City, Oklahoma, as Liaison Counsel.

Accordingly, the Court should approve the City of Sarasota's motion for appointment as Lead Plaintiff.

## CONCLUSION

In light of the foregoing, the City of Sarasota respectfully requests that the Court: (1) consolidate the Actions; (2) appoint the City of Sarasota as Lead Plaintiff; and (3) approve the City of Sarasota's selection of Abraham, Fruchter & Twersky, LLP as Lead Counsel, and The Tawwater Law Firm, P.L.L.C. as Liaison Counsel.

Dated: August 27, 2019                    Respectfully submitted,

By: s/ *Ian D. Berg*

Ian D. Berg (admitted *Pro Hac Vice*)
ABRAHAM, FRUCHTER & TWERSKY, LLP
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel. (858) 764-2580
Fax (858) 764-2582
*IBerg@aftlaw.com*

Mitchell M.Z. Twersky (admitted *Pro Hac Vice*)
Atara Hirsch (admitted *Pro Hac Vice*)
ABRAHAM, FRUCHTER & TWERSKY, LLP
One Penn Plaza, Suite 2805
New York, New York 10119
Tel. (212) 279-5050
Fax (212) 279-3655

11

*MTwersky@aftlaw.com*
*AHirsch@aftlaw.com*

*Counsel for the City of Sarasota General
Employees Defined Benefit Pension Plan and
Proposed Lead Counsel for the Class*

Larry A. Tawwater, OBA # 8852
Darren M. Tawwater, OBA # 18854
THE TAWWATER LAW FIRM, P.L.L.C.
14001 Quail Springs Pkwy
Oklahoma City, Oklahoma 73134
Tel. (405) 607-1400
Fax (404) 607-1450
*LAT@tawlaw.com*
*DTaw@tawlaw.com*

*Proposed Liaison Counsel for the Class*

12

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2019, I electronically transmitted this document to the Clerk of Court using the ECF System for filing, and a copy thereof was electronically served upon all parties receiving notice pursuant to the CM/ECF System.

By: s/ *Ian D. Berg*

13