**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

THOMAS SCUDERI, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

MAMMOTH ENERGY SERVICES, INC., ARTY STRAEHLA and MARK LAYTON,

    Defendants.

Case No. CIV 19-522-SLP

**DECLARATION OF DANIEL D. FURIA IN SUPPORT**
**OF MOTION FOR APPOINTMENT AS LEAD**
**PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL**

The undersigned, under penalty of perjury under the laws of the United States of America, declares as follows:

1.    I respectfully submit this Declaration in support of my motion, along with Sharon Furia (my father's spouse), and Vincent Furia (my uncle), for appointment as Lead Plaintiffs in the above-referenced action and approval of our selection of Block & Leviton LLP as Lead Counsel and Jones, Gotcher & Bogan, P.C. as Liaison Counsel (the "Motion"). I have personal knowledge about the information in this Declaration.

2.    I, along with Sharon and Vincent, suffered significant losses on our investment in Mammoth Energy Services, Inc. ("Mammoth"). After consultation with our investment advisor, we decided to retain Block & Leviton to represent us in this lawsuit and we have each, individually, agreed to retain Block & Leviton as our counsel. I understand that Block & Leviton has engaged Jones, Gotcher & Bogan as our Oklahoma counsel.

3.    I have discussed with Sharon and Vincent pursuing this lawsuit against Mammoth and we have all agreed to act together in pursuing this case.

1

4.      I discussed with our counsel our duties and responsibilities to be Lead Plaintiffs in the case and have agreed to fulfill this role and undertake these responsibilities. I understand that we have an obligation to oversee the efforts of Block & Leviton in prosecuting the action including keeping informed of the case developments and insuring a full and fair recovery for ourselves and the class. Given that we, collectively, have lost almost $1 million, we are highly motivated to recover as much of our losses as possible.

5.      I believe that the Court should appoint us as Lead Plaintiffs because we are sophisticated investors with a significant financial interest in the outcome of the litigation and we have the capability and competency to oversee this litigation to a successful conclusion.

6.      Since 1994 I served as the President of Furia Roofing, a roofing contracting company in New Jersey. At its peak, my company supervised many dozens of subcontractors and employed numerous back office staff. I am familiar with legal matters from managing my business and believe I have the sophistication and business experience to oversee this lawsuit.

7.      I am capable of actively participating in this action and am committed to doing so, in part by working with Block & Leviton to obtain the best possible recovery for the Class in an efficient manner.

8.      Before deciding to seek appointment as Lead Plaintiff, I carefully considered the merits of this action and our respective losses. I reviewed the filed complaint and discussed the merits of the case and our losses with Block & Leviton.

9.      I understand that one of our primary responsibilities will be overseeing Lead Counsel to ensure that the litigation is handled efficiently, and that the resulting fees and expenses are fair and reasonable, relative to the size, complexity, and risk of the litigation.

2

Doc ID: 23652f554fc20f5ab5363f74abd31accc11f2472

10.    I understand that each of us could have chosen to pursue individual actions, made a motion for appointment as Lead Plaintiff individually, or taken no action and remained absent class members. However, based on our respective financial losses and desire to actively oversee this litigation, I affirmatively decided that it would be a benefit to ourselves and the Class we seek to represent if we sought appointment as Lead Plaintiffs in a cohesive group.

11.    I am committed to the zealous prosecution of this case and will remain actively involved in it, including through attendance at deposition and trial, if necessary. I understand that if appointed I owe a fiduciary duty to all members of the putative class to provide fair and adequate representation and to work with Block & Leviton to obtain the largest possible recovery for the class consistent with good faith and vigorous advocacy.

12.    I, along with Vincent and Sharon, will be in regular contact with Block & Leviton to discuss the status of the litigation and ensure its proper prosecution. Vincent, Sharon and I will share decision making responsibilities over the case and, if we are unable to reach unanimity, we will allow a majority vote to decide our course of action. We have selected Block & Leviton in this action based upon their experience and resources, and we are confident in our ability to work with our counsel to protect the interest of the Class.

13.    I understand that, as Lead Plaintiffs in this action, we are subject to the jurisdiction of the Court and will be bound by all rulings of the Court, including rulings regarding any judgments.

14.    As Lead Plaintiffs, I understand that we shall be responsible for directing the activities of our counsel for the duration of the litigation, who shall:

   a.    Determine and present the position of Lead Plaintiffs on all matters that may arise during litigation of the action;

3

b.  Coordinate the initiation of and conduct discovery on behalf of Lead Plaintiffs, including the preparation of interrogatories and requests for production of documents and the examination of witnesses in depositions;

c.  Conduct settlement negotiations on behalf of Lead Plaintiffs;

d.  Negotiate and enter into those stipulations with opposing counsel necessary for the conduct of the litigation;

e.  Retain expert consultants and witnesses;

f.  Prepare and distribute periodic status reports to the Co-Lead Plaintiffs;

g.  Maintain adequate time and disbursement records covering services as Lead Counsel; and

h.  Perform such other duties as may be incidental to the proper and efficient coordination of the litigation or which may be authorized by further order of the Court.

Doc ID: 23652f554fc20f5ab5363f74abd31accc11f2472

5

15.    Attached hereto as Exhibit 1 is a letter from the Office of the Attorney General of the State of New Jersey indicating that my 1992 conviction was expunged from my record. Attached hereto as Exhibit 2 is an Order, filed on October 11, 2013, from the Superior Court of New Jersey, Passaic County, expunging my 1992 conviction. Included within this Order is a finding that "the arrest/conviction, which is the subject of this Order, shall be deemed, *in contemplation of law, not to have occurred, and the Petitioner may answer accordingly any question relating to this occurrence* except as provided in *N.J.S.A.* 2C:52-27." (Emphasis added.)

Signed under penalties of perjury under the laws of the United States of America on 08/29/2019 _____.

_____
Daniel Furia

5

# Exhibit 1



## State of New Jersey

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF STATE POLICE
POST OFFICE BOX 7068
WEST TRENTON, NJ 08628-0068
(609) 882-2000

GURBIR S. GREWAL
*Attorney General*

PATRICK J. CALLAHAN
*Colonel*

Reddin Masri, LLC
Attorneys at Law
485 Totowa Road
Totowa, NJ 07512

Date: May 1, 2019

Re: Furia, Daniel D

Dear Sir or Madam:

The State Bureau of Identification files have been corrected to comply with the Order of Expungement as written.

Furthermore, this section has initiated the necessary action to remove the information from the files of the Identification Division, Federal Bureau of Investigation.

FOR COLONEL PATRICK J. CALLAHAN

Sincerely,
Major Brandon F. Gray
Commanding Officer
Identification and Information
Technology Section

BY: *Charles P. Sheppard*

Charles Sheppard, Captain
Bureau Chief, State Bureau of Identification

SBI 7
EC



*"An Internationally Accredited Agency"*

New Jersey Is An Equal Opportunity Employer
Printed on Recycled Paper and Recyclable



# Exhibit 2

MASRI & ASSOCIATES, LLC
1455 Main Avenue
Clifton, NJ 07011
Tel: 973.553.0004
Fax: 973.553.0005

**Rec'd & Filed**
OCT 11 2013
Passaic County Superior Court
Crim Div. Manager Office

**Rec'd & Filed**
OCT 09 2013
Passaic County Superior Court
Crim. Div. Manager Office

| IN THE MATTER OF THE EXPUNGEMENT OF THE CRIMINAL RECORDS OF | SUPERIOR COURT OF NEW JERSEY PASSAIC COUNTY LAW DIVISION EXP 284-13 |
|---|---|
| DANIEL D. FURIA | ACCUSATION NO: 92-02-159-A CIVIL ACTION ORDER |

This matter having been opened to the Court upon the Verified Petition, DANIEL D. FURIA, residing at 157 Waughaw Road, Towaco, New Jersey 07082, whose date of birth is June 24, 1972, and whose social security number is XXX-XX-7810, and it appearing that the requirements for Expungement under N.J.S.A. 2C:52-1 et seq. have been satisfied;

**IT IS ORDERED** this ___9TH___ day of __OCTOBER__, 2013, that the Clerk of the Superior Court of New Jersey, the Clerk(s) of the Wayne Municipal Court(s), the Chief(s) of the Wayne Police Department(s), the Prosecutor(s) of Passaic County, the Superintendent of the New Jersey State Police, and the Attorney General of New Jersey remove from their records all information relating to DANIEL D. FURIA'S arrest on January 28, 1992, the charge of violating N.J.S.A. 2C:35-b(11) and remove all records

\# The indictable conviction from the 1/28/1992 arrest renders any other convictions, including the 11/16/1990 arrest, ineligible for expungement. NJSA 2C:52-3.

concerning the subsequent criminal proceedings regarding such charge(s), including any conviction(s), if applicable, and place such information in the control of a person within the office designated to retain control over expunged records.

**IT IS FURTHER ORDERED** that any of the above officers or agencies which sent fingerprints and/or any records of the above arrest/conviction and proceedings to the Federal Bureau of Investigation or any other office or agency shall notify same of this Order and that the agencies designated to retain such records take sufficient precautions to insure that such records and information are not released.

**IT IS FURTHER ORDERED** that any records, or the information therein, shall not be released except as provided under the provision of N.J.S.A. 2C:52-1 *et seq.* and that the persons designated to retain control over expunged records take sufficient precautions to insure that such records and information are not released.

**IT IS FURTHER ORDERED** that in response to requests for information or records, the court office or law enforcement agency shall reply with respect to the arrest/conviction, which is the subject of this Order, that there is no record.

**IT IS FURTHER ORDERED** that the arrest/conviction, which is the subject of this Order, shall be deemed, in contemplation of law, not to have occurred, and the Petitioner may answer

accordingly any question relating to this occurrence except as provided in *N.J.S.A.* 2C:52-27.

**IT IS FURTHER ORDERED** that this Order does not expunge the records contained in the Controlled Dangerous Substances Registry created pursuant to *P.L.* 1970, c. 227 (C.26:2G-17 et seq.) or the registry created by the Administrative Office of the Courts pursuant to *N.J.S.A.* 2C:43-21.

*Miguel de la Carrera*
J.S.C

**Miguel de la Carrera, J.S.C.**

I Hereby Consent to the
Form of Order herein.

CAMELIA M. VALDES
Passaic County Prosecutor

By: _____
Assistant Prosecutor
Christopher W. Hsieh