| | |
|---|---|
| IN RE MAMMOTH ENERGY SERVICES, INC. SECURITIES LITIGATION | Case No.: CIV-19-522-J |

## LEAD PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT

Lead Plaintiffs seek leave, in accordance with Fed. R. Civ. P. 15(a)(2), to file the Proposed Second Amended Complaint ("PSAC"). In support thereof, Lead Plaintiffs state as follows:

1. After Lead Plaintiffs filed their First Amended Complaint ("FAC"), a former President of a Mammoth Energy Services, Inc. subsidiary authorized Lead Plaintiffs' counsel to allege information attributed to them[1] in the securities case against Mammoth, Arty Straehla, Mark Layton, and Keith Ellison ("Defendants").

2. According to this former employee, identified in the PSAC as Confidential Witness 1, on June 18, 2018 at Leadership meeting, Defendant Straehla informed participants that Mammoth was "getting push back from PREPA" on paying $200 million of outstanding invoices.

3. This was non-public information at the time Straehla made these comments. He said this just 15 days after Ahsha Tribble, the former Federal Emergency Management Agency (FEMA) employee, emailed Defendant Ellison an email with the subject "$200M

---

[1] Lead Plaintiff uses "them/their" to protect the confidential witnesses' identity.

1

behind in payment to Cobra – stop work looming again." Indictment[2] ¶ 76. In addition, Straehla made these comments, just 11 days before Mammoth's two controlling shareholders, Wexford Capital LP and Gulfport Energy Corp. sold approximately $150 million of their Mammoth common stock.

4.      Defendant Layton attended the June 18, 2018 meeting where Straehla made these statements. The registration statement, signed by Layton and Straehla, and under which Wexford and Gulfport sold their stock did not disclose the possibility of PREPA pushing back on payments to Cobra, that PREPA was behind in payments, or that a stop work was looming.

5.      The PSAC alleges that these comments by Straehla support an inference that Ellison was communicating information he received from Tribble to Straehla and Layton, and that Straehla was aware of improper conduct between Ellison and Tribble regarding the PREPA contracts. These facts, Lead Plaintiffs submit, provide further support that Straehla and Layton acted with scienter when they made the alleged false and misleading statements, and omitted to disclose material facts.

6.      Additionally, CW1 stated that at another Leadership meeting, held prior to Mammoth's fourth quarter 2018 earnings conference call, Straehla told the participants that Mammoth/Cobra was "pulling out" of Puerto Rico because PREPA would not pay any additional outstanding invoices at that time. Layton also attended this Leadership meeting.

---

[2] "Indictment ¶ _" refers to *United States of America v. Ahsha Nateef Tribble, Donald Keith Ellison and Jovanda R. Patterson*, Crim. No. 19-541 (D.P.R.) and annexed as Exhibit A to the FAC and to the PSAC.

During the March 15, 2019 conference call, Straehla surprised investors by stating that Mammoth was winding down its operations in Puerto Rico without revealing the true reason: that PREPA was not paying. Layton, on the same earnings call, told investors that "it's important to characterize Puerto Rico as a pause. It's not a shutdown, it's a pause while the engineering catches up." PSAC ¶ .

7.      Additionally, CW1 states that on March 15, 2019 an FBI agent left him a voice mail to ask him questions about Mammoth. CW1 was instructed to ignore the call and not respond to it by his supervisor, at the direction of Straehla.

8.      A copy of the PSAC is annexed hereto as Exhibit 1. Exhibit 2 contains the proposed edits in redline format.

9.      Lead Plaintiffs believe it is appropriate to bring these additional allegations to the Court's attention now, while briefing on Defendants' Motion to Dismiss—which argues that scienter is not adequately pled—is underway, before the Court rules on the sufficiency of the allegations. Indeed, courts within this Circuit have denied motions for leave to amend under Rule 15 where a party delays in bringing facts to the Court's attention while a motion to dismiss is pending. *See, e.g., Eyre v. GB Mortgage*, LLC, No. 2:10-CV-717 TS, 2011 WL 2011468, at *3 (D. Utah May 23, 2011); *Nero v. American Family Mut. Ins. Co.*, No. 11-CV-02717-PAB-MJW, 2013 WL 5323147, at *8 (D. Colo. Sept. 23, 2013). And if this Court were to grant Defendants' motion with prejudice (as Defendants have requested), Lead Plaintiffs would need to reopen the judgment under Rule 60 before they could seek leave to amend. *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005) ("Courts have refused to allow a post-judgment amendment when,

as here, the moving party had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave.")

10. Defendants will suffer no prejudice from the amendment. The proposed amendments amount to a few paragraphs which provide specific facts about what Straehla said at two Leadership meetings, both of which were attended by Layton. Defendants will have an opportunity to address these additional allegations in their reply memorandum in further support of their motion to dismiss the case.[3]

11. Rule 15(a)(2) itself provides that the "court should freely give leave [to amend] when justice so requires."

12. Pursuant to Local Rule LCvR15.1, Lead Plaintiffs state that (1) there is currently no deadline for amending complaints established by any scheduling order; and (2) counsel for Lead Plaintiffs have conferred with Defendants and provided Defendants with a redline version of the PSAC on Friday, February 22, 2020. Counsel for Ellison indicated that Mr. Ellison does not oppose the filing of the Second Amended Complaint. Counsel for Mammoth, Straehla, and Layton indicated that they "have not yet determined whether [they] can consent" to the filing because, "among other reasons," they "have not yet had the opportunity to review the motion for leave to amend the complaint."

### Relief Requested

Lead Plaintiffs respectfully request leave to file the PSAC, which is attached hereto as Exhibit 1.

---

[3] The PSAC also alleges that Mammoth and Cobra shared the same office space in Oklahoma City.

February 24, 2020                              Respectfully submitted,

/s/ Jeffrey C. Block
Jeffrey C. Block (*pro hac vice*)
Jacob A. Walker (*pro hac vice*)
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, Massachusetts 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockesq.com
jake@blockesq.com

*Lead Counsel for*
*Lead Plaintiffs and the Class*

C. Michael Copeland OBA No. 13261
**Jones, Gotcher & Bogan P.C.**
3800 First Place Tower
15 East 5th Street
Tulsa, Oklahoma 74103
(918) 581-8200 phone
(918) 583-1189 fax
mcopeland@jonesgotcher.com

*Local Counsel for*
*Lead Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I certify that on February 24, 2020, I electronically transmitted the above document to the Clerk of the Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of the Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/ Jeffrey C. Block
Jeffrey C. Block