**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| IN RE MAMMOTH ENERGY SERVICES, INC. SECURITIES LITIGATION | Case No. CIV-19-522-J<br><br>CLASS ACTION |

<u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement, dated as of April 30, 2021 (the "Stipulation") is entered into between (a) Lead Plaintiffs Daniel Furia, Vincent Furia, and Sharon Furia (the "Furia Family" or "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below) and (b) defendants Mammoth Energy Services, Inc. ("Mammoth" or the "Company"), Arty Straehla, and Mark Layton (together with Mammoth, Straehla, and Keith Ellison, the "Defendants") (collectively with Lead Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.      On June 7, 2019, Plaintiff Thomas Scuderi initiated this Action by filing a Class Action Complaint for Violations of the Federal Securities Laws in the Western District of

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

474246.1

Oklahoma, styled *Scuderi v. Mammoth Energy Services, Inc., et al.*, Case No. 5:19-cv-00522-SLP. Dkt. 1.  The Action was assigned to United States District Judge Scott L. Palk.  On June 19, 2019, Plaintiff Justas Normantas filed a related action captioned *Normantas v. Mammoth Energy Services, Inc., et al.*, Case No. 5:19-cv-00560-SLP. On August 6, 2019, Plaintiff Sarasota General Employees Defined Benefit Pension Plan filed a related action captioned *Sarasota General Employees Defined Benefit Pension Plan v. Mammoth Energy Services, Inc., et al.*, Case No. 5:19-cv-00720-SLP.

B.      By Order dated September 13, 2019, Judge Palk ordered that the three cases be consolidated into *In re Mammoth Energy Services, Inc.*, Case No. 5:19-cv-00522-SLP, appointed the Furia Family as Lead Plaintiffs and approved Lead Plaintiffs' selection of Block & Leviton LLP as Lead Counsel. Judge Palk deferred ruling on appointment of Jones, Gotcher & Bogan, P.C. as local counsel pending submission of information demonstrating the firm's qualifications. Dkt. 41.

C.      By Order Dated September 25, 2019, Judge Palk appointed Jones, Gotcher & Bogan, P.C. as Local Counsel. Dkt. 45.

D.      On November 12, 2019, Lead Plaintiffs filed their First Amended Complaint for Violation of the Federal Securities Laws (the "FAC"), asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendants Arty Straehla, Mark Layton, and Keith Ellison under Section 20(a) of the Exchange Act.  Dkt. 55.

E.      By Order Dated January 6, 2020, the Clerk of Court, at the direction of Judge Palk, reassigned the case to United States District Judge Bernard M. Jones. Dkt. 71.

F.      On January 10, 2020, Defendants Mammoth, Straehla, and Layton filed a motion

2

to dismiss the claims alleged against them in the FAC.  Dkt. 76.  On February 24, 2020, Plaintiffs filed their papers in opposition, as well as a motion for leave to file second amended complaint. Dkts. 88, 87. Defendants did not oppose Plaintiffs' motion.  Judge Jones granted Plaintiffs' motion for leave to file second amended complaint on March 9, 2020. Dkt. 92

G.      Also on March 9, 2020, Plaintiffs filed their Second Amended Complaint for Violation of the Federal Securities Laws (the "SAC"), again asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendants Arty Straehla, Mark Layton, and Keith Ellison under Section 20(a) of the Exchange Act.  Dkt. 93.

H.      On March 30, 2020, Defendants Mammoth, Straehla, and Layton filed a motion to dismiss the claims alleged against them in the SAC, and Defendant Ellison filed a separate motion to dismiss the claims alleged against him in the SAC.  Dkts. 104, 105. Lead Plaintiffs filed their opposition papers to the motions to dismiss on April 20, 2020. Dkts. 109, 111. On April 27, 2020, Ellison filed his reply papers, Dkt. 115, and, on May 4, 2020, Mammoth, Straehla, and Layton filed their reply papers. Dkt. 118.

I.      On September 29, 2020 Lead Counsel and Defendants' Counsel participated in a full-day mediation session before the Honorable Michael Burrage, Esq. of Whitten Burrage LLP. In advance of that session, the Parties prepared and exchanged detailed mediation statements. Additionally, Mammoth provided Lead Plaintiffs with discovery under certain restrictive conditions, which limited use of the documents to mediation unless and until the PSLRA stay of discovery was lifted. This discovery consisted of nearly 90,000 documents. The session ended without any agreement being reached.

J.      The parties continued to discuss grounds for resolving the case following the

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

conclusion of the mediation session.

K.      By Order dated January 26, 2021, Judge Jones granted Ellison's motion to dismiss and granted in part and denied in part the motion to dismiss filed by Mammoth, Straehla, and Layton. Dkt.123. The Order – which dismissed all claims against Mammoth, Straehla, and Layton except for those based on statements and omissions made on or after March 15, 2019 – ended the PSLRA stay and allowed Lead Counsel to thoroughly review and use the discovery materials produced for mediation.

L.      Counsel for Lead Plaintiff and for Defendants Mammoth, Straehla, and Layton continued to hold numerous discussions over resolution of the case following the issuance of Judge Jones' January 26, 2021 Order. Those discussions ultimately resulted in an agreement, on March 12, 2021, to settle and release all claims arising out of, based upon, or related to their purchase or acquisition of Mammoth common stock during the Class Period and the allegations, representations, or omissions set forth in the SAC in return for a cash payment by or on behalf of Defendants of $11,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

M.      At the time of the agreement to settle, Lead Counsel had reviewed nearly 90,000 documents produced by Defendants and was prepared to file a third amended complaint, based on the review of those documents, and citing evidence from those documents.

N.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

O.      Based upon their investigation, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are

4

fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

P.    This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" means the consolidated securities class action in the matter styled *In re Mammoth Energy Services, Inc.*, Case No. 5:19-cv-00522-J, and includes all actions consolidated therein.

(b)    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)    "Mammoth" means Mammoth Energy Services, Inc., together with its affiliates.

(d)    "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(e)    "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(f)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a

6

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

distribution of the Net Settlement Fund.

(g)   "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(h)   "Claims Administrator" means the firm retained by Lead Plaintiffs and Class Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(i)   "Class Counsel" means the law firm of Block & Leviton LLP.

(j)   "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(k)   "Lead Counsel" means the law firm of Block & Leviton LLP.

(l)   "Complaint" or "SAC" means the Second Amended Complaint for Violation of the Federal Securities Laws filed by Lead Plaintiffs in the Action on March 9, 2020.

(m)   "Court" means the United States District Court for the Western District of Oklahoma.

(n)   "Defendants" means Mammoth, Arty Straehla, Mark Layton, and Keith Ellison.

(o)   "Defendants' Counsel" means the law firms of Quinn Emanuel Urquhart & Sullivan LLP, Gable & Gotwals PC.

(p)   "Defendants' Releasees" means Defendants and their current and former parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, current or former directors, officers, employees, attorneys, accounts, insurers, agents, representatives, principals, assigns, subrogees, stockholders, partners, trustees, heirs, beneficiaries, servants, all persons

7

claiming rights derivatively of them, and all other persons, trusts, partners, entities or corporations in privity with any of them or otherwise affiliated or related to any of them, in their capacities as such.

(q)    "Derivative Action" means *In re Mammoth Energy Services, Inc. Consolidated Stockholder Litigation*, No. 19 Civ. 1682 (RGA) pending in the United States District Court for the District of Delaware.

(r)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(s)    "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

(t)    "Escrow Agent" means The Huntington National Bank.

(u)    "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(v)    "Excluded Claims" means any claims of any person or entity who or which timely and validly seeks exclusion from the Settlement Class or whose request for exclusion is accepted by the Court.

(w)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment

8

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(x)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(y)    "Individual Defendants" means defendants Arty Staehla, Mark Layton, and Keith Ellison.

(z)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(aa)    "Lead Plaintiffs" means the Furia Family, consisting of Daniel Furia, Vincent Furia, and Sharon Furia.

(bb)    "Liaison Counsel" means the law firm of Jones Gotcher & Bogan PC.

(cc)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Class

9

Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(dd)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(ee)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Request for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, which shall be mailed to Settlement Class Members.

(ff)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(gg)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(hh)    "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(ii)    "Plaintiffs' Counsel" means Class Counsel, Liaison Counsel, and all other legal counsel who, at the direction and under the supervision of Class Counsel, performed services on behalf of the Settlement Class in the Action.

(jj)    "Plaintiffs' Releasees" means Lead Plaintiff, any other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

10

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

(kk)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(ll)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(mm)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(nn)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(oo)    "Released Defendants' Claims" means all claims and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, rule, ordinance, administrative provision or regulation, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(pp)    "Released Plaintiffs' Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, rule, ordinance, administrative provision or

11

regulation, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the SAC; (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the SAC and that relate to the purchase or other acquisition of Mammoth common stock during the Settlement Class Period; or (iii) could have been asserted in any forum that arise out of or relate in any way to the defense or settlement of the claims asserted in the Action. Released Plaintiffs' Claims do not include: (a) any claims relating to the enforcement of the Settlement; (b) any Excluded Claims; and (c) any claims brought on a derivative basis on behalf of Mammoth.

(qq) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(rr) "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(ss) "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(tt) "Settlement Amount" means $11,000,000 (USD) in cash.

(uu) "Settlement Class" means all persons and entities that purchased or otherwise acquired Mammoth Energy Services, Inc. common stock between October 19, 2017 and June 5, 2019, inclusive, and were damaged thereby.  Excluded from the Settlement Class are Defendants; the officers and directors of the Company during the Settlement Class Period (the "Excluded Officers and Directors"); members of the Immediate Families of the Individual Defendants and of the Excluded Officers and Directors; any entity in which any Defendant, any Excluded Officer or Director, or any of their respective Immediate Family members had during the Settlement Class Period and/or has a controlling interest; and the legal representatives, heirs,

12

successors or assigns of any excluded person or entity, in their respective capacity as such. For avoidance of doubt, Wexford Capital LP and its affiliates and Gulfport Energy Corporation and its affiliates are Excluded from the Settlement Class. Also excluded from the Settlement Class are the persons and entities who or which timely and validly seek exclusion from the Settlement Class or whose request for exclusion is accepted by the Court.

(vv) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(ww) "Settlement Class Period" means the period between October 19, 2017 and June 5, 2019, inclusive.

(xx) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(yy) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(zz) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Request for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(aaa) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

13

(bbb)  "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.     Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Plaintiffs as Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     Promptly upon execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants and (ii) the Releases provided for herein.

5.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This release shall not apply to any Excluded Claim.

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

6.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This release shall not apply to any person or entity who or which timely and validly seeks exclusion from the Settlement Class or whose request for exclusion is accepted by the Court.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid (i) $9,500,000 of the Settlement Amount into the Escrow Account no later than twenty (20) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Class Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including but not limited to wire transfer instructions, instructions for payment to be made by check via overnight mail, and a complete and executed Form W-9 for the Escrow Account that reflects a valid tax identification number; and (ii) the remaining $1,500,000 of the Settlement Amount—which is intended to be funded through the

16

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

settlement of the Derivative Action—no later than the earlier of (a) twenty (20) business days after the final approval of the settlement of the Derivative Action; or (b) five (5) business days before the Settlement Hearing. Neither the final execution of a settlement agreement in the Derivative Action, nor the final approval of the settlement of the Derivative Action, is a necessary condition of this Settlement, and failure to complete the settlement of the Derivative Action does not relieve Defendants' obligations to pay the remaining $1,500,000 of the Settlement Amount.

## USE OF SETTLEMENT FUND

9.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is

17

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants' Releasees shall have no responsibility or

18

liability for the acts or omissions of Class Counsel or their agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  Defendants will have no involvement in reviewing or challenging any Proof of Claim and Release and will have no liability with respect to this process.  The Settlement Fund shall be used for payment of legal fees and expenses, Notice and Administration Costs, taxes on the Settlement Fund and tax expenses, and for payment of individual claims (under the formula provided by the Plan of Allocation).

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay up to $150,000 from the Escrow Account for all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, their insurance carriers, any of the

19

other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

15.     Class Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Class Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to his representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Class Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

16.     Any award of attorneys' fees and reimbursement of expenses, as well as any Lead Plaintiffs award, shall be paid solely from the Settlement Fund and shall be paid to Class Counsel, or with respect to a Lead Plaintiff award, paid to Lead Plaintiffs, within five days following an award ordered by the Court, provided that there has been a final approval of the Stipulation of Settlement by the Court.  If there is any appeal of an award of attorneys' fees and expenses, or of a Lead Plaintiff award, or if Class Counsel receives notice of termination of the Settlement from Defendants' Counsel, Class Counsel shall repay any amount of attorneys' fees or expenses reversed on appeal to the Settlement Fund no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein, and Defendants shall not take any position on the award of attorneys' fees and reimbursement of expenses, or on any Lead Plaintiff award.  Neither

20

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Lead Plaintiffs nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.    Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Class Counsel shall be payable solely from the Escrow Account.

### NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court.  Other than Mammoth's obligation to provide its securities holders records as provided in ¶ 20 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members or Class Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail the Notice to those members

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

of the Settlement Class as may be identified through reasonable effort. Class Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Claim Form online at www.MammothSecuritiesSettlement.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

20. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Mammoth shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Class Counsel or the Claims Administrator) its security lists (consisting of names and addresses) of the registered shareholders who purchased or otherwise acquired Mammoth common stock during the Settlement Class Period.

21. The Claims Administrator shall receive Claims and determine, first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other

22

Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

23. Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment, or the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24. Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

25. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b) All Claim Forms must be submitted by the date set by the Court in the

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the

24

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

27.     Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.    No person or entity shall have any claim against Lead Plaintiffs, Class Counsel, the Claims Administrator or any other agent designated by Class Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**TERMS OF THE JUDGMENT**

31.    If the Settlement contemplated by this Stipulation is approved by the Court, Class

26

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

32.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Mammoth has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Confidential Agreement described in ¶ 36 below);

(d)    Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.    Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.    If (i) Mammoth exercises its right to terminate the Settlement as provided in this

27

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)    Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of March 12, 2021.

(c)    The fact and terms of this attempted settlement shall not be referred to or offered in evidence in any trial of the Action or otherwise.

(d)    The attempted settlement shall have been without prejudice, and the terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 36 and 56, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(e)    Within ten (10) business days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Class Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants and their insurer (or such other persons or entities as Defendants may direct) in proportion to their contributions to the Settlement Amount.  In the event that the funds received by Class Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the ten (10) business days specified

28

in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants and their insurer (or such other persons or entities as Defendants may direct) in proportion to their contributions to the Settlement Amount immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.    It is further stipulated and agreed that Lead Plaintiffs and Mammoth shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Tenth Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.    In addition to the grounds set forth in ¶ 35 above, Mammoth shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Mammoth's confidential supplemental agreement with Lead Plaintiffs (the "Confidential Agreement"), in accordance with the terms of that agreement.  The Confidential Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be

29

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Confidential Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiffs and Mammoth concerning its interpretation or application, in which event the Parties shall submit the Confidential Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

37.    Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants'

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

38.      Defendants shall be responsible for timely complying with any notice requirements pursuant to the Class Action Fairness Act of 2005 and for all costs and expenses related thereto. For the avoidance of doubt, Defendants shall not be responsible for any Notice and Administration Costs except for the costs and expenses associated with sending notices required by the Class Action Fairness Act.

39.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.      Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their

31

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

41. In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at Lead Plaintiffs' election, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34.

42. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Lead Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any

32

violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiffs and Class Counsel, and Defendants and their counsel, shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to

33

Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48. This Stipulation and its exhibits and the Confidential Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Confidential Agreement other than those contained and memorialized in such documents.

49. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

51. The construction, interpretation, operation, effect and validity of this Stipulation, the Confidential Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Delaware without regard to conflicts of law principles that would result in the application of any laws other than the laws of the State of Delaware, except to the extent that federal law requires that federal law govern.

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

52.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.  The Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with this Stipulation confidential.  All agreements made and orders entered during the course of this litigation relating to the confidentiality of information shall survive this settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

| If to Lead Plaintiff or Class Counsel: | Block & Leviton LLP<br>Attn:  Jacob A. Walker<br>260 Franklin Street, Suite 1860<br>Boston, MA 02110<br>Telephone:  (617) 398-5600<br>Email: jake@blockleviton.com |
|---|---|
| If to Defendants: | Quinn Emanuel Urquhart & Sullivan LLP<br>Attn:  Michael B. Carlinsky<br>       Jacob J. Waldman<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone:  (312) 849-7000<br>Email: michaelcarlinsky@quinnemanuel.com<br>       jacobwaldman@quinnemanuel.com |

57.     Except as otherwise provided herein, each Party shall bear its own costs.

58.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

59.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

36

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys, as of April 30, 2021.

DATED:    April 30, 2021          **BLOCK & LEVITON LLP**

By: _____

Jeffrey C. Block
Jacob A. Walker
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone:  (617) 398-5600

*Class Counsel for Lead Plaintiffs
and the Class*

DATED:    April 30, 2021          **QUINN EMANUEL URQUHART &
SULLIVAN LLP**

By: _____

Michael B. Carlinsky
Jacob J. Waldman
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000

Harry Olivar, Jr.
865 S Figueroa Street
Los Angeles, CA 900107
Telephone:  (213) 443-3100

*Counsel for Defendants Mammoth Energy
Services, Inc., Arty Straehla, and Mark Layton*

37

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

<table>
<tr>
<td>IN RE MAMMOTH ENERGY<br>SERVICES, INC. SECURITIES<br>LITIGATION</td>
<td>Case No. CIV-19-522-J<br><br>CLASS ACTION</td>
</tr>
</table>

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re Mammoth Energy Services, Inc. Securities Litigation,* Case No. 5:19-cv-00522-J (the "Action");

WHEREAS, (a) Lead Plaintiffs Daniel Furia, Vincent Furia, and Sharon Furia ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below) and (b) defendants Mammoth Energy Services, Inc. ("Mammoth" or the "Company"), Arty Straehla, and Mark Layton, (together with Mammoth, Straehla, and Keith Ellison, the "Defendants") (collectively with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated April 30, 2021 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Action, in accordance with the Stipulation;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

approval of the Settlement and certification of the Settlement Class for settlement purposes only and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Provisional Certification of the Settlement Class** – Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of this settlement only, the Action is hereby preliminarily certified as a class action on behalf of: all persons and entities that purchased or otherwise acquired Mammoth Energy Services, Inc. common stock between October 19, 2017 and June 5, 2019, inclusive, and were damaged thereby. Excluded from the Settlement Class are Defendants; the officers and directors of the Company during the Settlement Class Period (the "Excluded Officers and Directors"); members of the Immediate Families of the Individual Defendants and of the Excluded Officers and Directors; any entity in which any Defendants, any Excluded Officer or Director, or any of their respective Immediate Family members had during the Settlement Class Period and/or has a controlling interest; and the legal representatives, heirs, successors or assigns of any excluded person or entity, in their respective capacity as such. For avoidance of doubt, Wexford Capital LP and its affiliates and Gulfport Energy Corporation and its affiliates are Excluded from the Settlement Class.

2.    Also excluded from the Settlement Class are the persons or entities who or which timely and validly seek exclusion from the Settlement Class pursuant to the requirements described below and in the Notice to be sent to Class Members pursuant to this Order.

3.    The Court finds, for the purposes of the settlement only, that the prerequisites for a

2

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Lead Plaintiffs are appointed as representatives for the Settlement Class and Lead Counsel is appointed as counsel for the Settlement Class. Solely for the purposes of effectuating the proposed Settlement, Lead Counsel is authorized to act on behalf of Lead Plaintiffs and the other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement.

5.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

6.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2021 at __:__ _.m. at the United States District Court for the Western District of Oklahoma, 200 NW 4th Street, Oklahoma City, OK 73102, Courtroom 303,

3

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing ("Notice") shall be given to Settlement Class Members as set forth in paragraph 8 of this Order.

7.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

8.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Angeion Group (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      within ten (10) business days of the date of entry of this Order, Mammoth shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security lists (consisting of names and addresses) of the registered shareholders who purchased or otherwise acquired

4

Mammoth common stock during the Settlement Class Period;

(b) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), Class Counsel shall cause the Claims Administrator to mail the Notice to those members of the Settlement Class as may be identified through reasonable effort;

(c) contemporaneously with the mailing of the Notice, Class Counsel shall also cause the Claims administrator to post downloadable copies of the Notice and Claim Form online at www.MammothSecuritiesSettlement.com;

(d) not later than ten (10) business days after the Notice Date, Class Counsel shall cause the Claims Administrator to cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of

5

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Allocation and/or Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed, posted online, and published, respectively.

10.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Mammoth common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred fifty (150) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived

7

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Mammoth Securities Litigation*, ATTN: EXCLUSIONS, c/o Angeion Group, P.O. Box 58220, Philadelphia, PA 19102, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Mammoth Energy Services, Inc. Securities Litigation*, Case No. 5:19-cv-00522-J"; (iii) state the number of shares of Mammoth common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for

8

exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be

9

represented by Lead Counsel.

18.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| Block & Leviton LLP | Quinn Emanuel Urquhart & Sullivan LLP |
| Jacob A. Walker | Michael B. Carlinsky |
| 260 Franklin Street, Suite 1860 | Jacob J. Waldman |
| Boston, MA 02110 | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |

19.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the

10

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

number of shares of Mammoth common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.    Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

22.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of

11

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

the Court.

23.    **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.    **Taxes** – Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of March 12, 2021, as provided in the Stipulation.

26.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any

12

arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in

13

support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2021.


_____
The Honorable Bernard M. Jones
United States District Judge

14

Exhibit A-1

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE MAMMOTH ENERGY SERVICES, INC. SECURITIES LITIGATION | Case No. CIV-19-522-J<br><br>CLASS ACTION |

**Notice of Pendency of Class Action and Proposed Settlement; Settlement Fairness Hearing; and Request for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses**

> **A Federal Court has authorized this Notice. This is not a solicitation from a lawyer.**
>
> Please read this notice carefully. An $11 million settlement has been reached for investors in Mammoth Energy Services, Inc. stock between October 19, 2017 and June 5, 2019. If you are a member of the Settlement Class, your legal rights will be affected whether you act or not.

**Notice of Pendency of Class Action:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of Oklahoma (the "Court" or the "Oklahoma Court") if, during the period between October 19, 2017 and June 5, 2019, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Mammoth Energy Services, Inc. Common Stock and were damaged thereby.[1]

**Notice of Settlement:** Please also be advised that the Court-appointed Lead Plaintiffs, on behalf of themselves and the Settlement Class (as defined below), have reached a proposed settlement of this Action for $11,000,000 in cash that, if approved, would resolve all claims in the Action (the "Settlement").

**Please read this notice carefully.** It explains important rights you may have, including the possible receipt of cash from the Settlement. **Your rights are affected whether or not you act** if you are a member of the Settlement Class.

If you have any questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement, please do not contact Mammoth Energy Services, Inc., any other Defendants in the Action, or their counsel. Questions should be directed to Class Counsel or the Claims Administrator (see page 13).

---

[1] Capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 30, 2021 (the "Stipulation"), which is available at www.MammothSecuritiesSettlement.com.

## Description of the Action and the Settlement Class

This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Mammoth Energy Services, Inc. ("Mammoth") Arty Straehla, Mark Layton, and Keith Ellison (collectively, the "Defendants") violated the federal securities laws by making false and misleading statements relating to contracts between the Puerto Rico Electric Power Authority ("PREPA") and an indirect Mammoth subsidiary, and related payments. A more detailed description of the Action is set forth on pages 5-7 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined on page 7 below.

## Statement of the Settlement Class' Recovery

Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $11,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on the website, www.MammothSecuritiesSettlement.com.

## Estimate of the Average Amount of Recovery Per Share

Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Mammoth common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is approximately 70 cents per share. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Mammoth common stock and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* the website, www.MammothSecuritiesSettlement.com.) or such other plan of allocation as may be ordered by the Court.

## Estimate of the Average Amount of Damages Per Share

The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct. Lead Plaintiffs' damages expert estimated a range of damages between $14.9 million and $90.7 million, depending on the application of certain assumptions.

## Attorneys' Fees and Expenses Sought

Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

in 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court appointed Class Counsel, Block & Leviton LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund. In addition, Class Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $150,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court, or any Lead Plaintiff award, shall be paid solely from the Settlement Fund and shall be paid to Class Counsel, or with respect to a Lead Plaintiff award, paid to Lead Plaintiff, within five days following an award ordered by the Court, provided that there has been final approval of the Stipulation of Settlement by the Court. If there is any appeal of an award of attorneys' fees and expenses, or of a Lead Plaintiff award, Class Counsel shall repay any amount of attorneys' fees or expenses reversed on appeal to the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Mammoth common stock, if the Court approves Class Counsel's fee and expense application, is no more than 22 cents per eligible share.

### Identification of Attorneys' Representatives

Lead Plaintiffs and the Settlement Class are represented by Block & Leviton LLP, 260 Franklin Street, Suite 1860, Boston, MA 02110. You may contact attorney Jacob A. Walker at jake@blockleviton.com, or at (617) 398-5617.

### Reasons for the Settlement

Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after motions to amend the complaint, for class certification, summary judgment, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| Your Legal Rights and Options in the Settlement | |
| --- | --- |
| **Submit a claim.**<br><br>Submit a Claim Form postmarked no later than _____, 2021. | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined below) that you have against Defendants and the other Defendants' Releasees (defined below), so it is in your interest to submit a Claim Form. |
| **Exclude yourself.**<br><br>Exclude yourself from the Settlement Class by submitting a | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any |

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

| | |
|---|---|
| written exclusion so that it is received by no later than _____, 2021. | other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **Object.** Object to the Settlement by submitting a written objection so that it is received no later than _____, 2021. | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **Appear at a hearing.** Attend a hearing on _____, and file a Notice of Intention to Appear so that it is received no later than _____, 2021. | Filing a written objection and notice of Intention to Appear by _____, 2021 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **Do nothing.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

### Why did I get the Notice?

The Court directed that the Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more shares of Mammoth common stock during the Settlement Class Period. The Court also directed that this Notice be posted online at www.MammothSecuritiesSettlement.com. The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* page 12 below for details about the Settlement Hearing, including the date

4

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

and location of the hearing.

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| What is the case about? |
|---|

This litigation stems from the federal indictment of Defendant Keith Ellison for, among other things, conspiracy to commit bribery against the United States, honest services wire fraud, and disaster fraud relating to two services agreements entered into by one of Mammoth's indirect subsidiaries, Cobra Acquisitions, LLC ("Cobra") with the Puerto Rico Electric Power Authority ("PREPA") concerning work in connection with Puerto Rico's electrical grid in the wake of Hurricane Maria. Plaintiffs' claims arise from Defendants' statements about Cobra's procurement and performance of the work, and the likelihood that Cobra would be paid in full by PREPA under the contracts.

On June 7, 2019, Plaintiff Thomas Scuderi initiated this Action by filing a Class Action Complaint for Violations of the Federal Securities Laws in the Western District of Oklahoma, styled *Scuderi v. Mammoth Energy Services, Inc., et al.*, Case No. 5:19-cv-00522-SLP. Dkt. 1. The Action was assigned to United States District Judge Scott L. Palk. On June 19, 2019, Plaintiff Justas Normantas filed a related action captioned *Normantas v. Mammoth Energy Services, Inc.., et al.*, Case No. 5:19-cv-00560-SLP. On August 6, 2019, Plaintiff Sarasota General Employees Defined Benefit Pension Plan filed a related action captioned *Sarasota General Employees Defined Benefit Pension Plan v. Mammoth Energy Services, Inc.*, et al., Case No. 5:19-cv-00720-SLP.

By Order dated September 13, 2019, Judge Palk ordered that the three cases be consolidated into *In re Mammoth Energy Services, Inc.*, Case No. 5:19-cv-00522-SLP, appointed Daniel Furia, Vincent Furia, and Sharon Furia as Lead Plaintiffs and approved Lead Plaintiffs' selection of Block & Leviton LLP as Lead Counsel. Judge Palk deferred ruling on appointment of Jones, Gotcher & Bogan, P.C. as local counsel pending submission of information demonstrating the firm's qualifications. Dkt. 41.

By Order Dated September 25, 2019, Judge Palk appointed Jones, Gotcher & Bogan, P.C. as Local Counsel. Dkt. 45.

By Order Dated January 6, 2020, the Clerk of Court, at the direction of Judge Palk, reassigned the case to United States District Judge Bernard M. Jones. Dkt. 71.

On January 10, 2020, Defendants Mammoth, Straehla, and Layton filed a motion to dismiss the claims alleged against them in the FAC. Dkt. 76. On February 24, 2020, Plaintiffs filed their papers in opposition, as well as a motion for leave to file second amended complaint. Dkts. 88, 87. Judge Jones granted Plaintiffs' motion for leave to file second amended complaint on March 9, 2020. Dkt. 92

Also on March 9, 2020, Plaintiffs filed their Second Amended Complaint for Violation of the Federal Securities Laws (the "SAC"), again asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendants Arty Straehla, Mark Layton, and Keith Ellison under Section 20(a) of the Exchange Act. Dkt. 93.

5

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

On March 30, 2020, Defendants Mammoth, Straehla, and Layton filed a motion to dismiss the claims alleged against them in the SAC, and Defendant Ellison filed a separate motion to dismiss the claims alleged against him in the SAC. Dkts. 104, 105. Lead Plaintiffs filed their opposition papers to the motions to dismiss on April 20, 2020. Dkts. 109, 111. On April 27, 2020, Ellison filed his reply papers, Dkt. 115, and, on May 4, 2020, Mammoth, Straehla, and Layton filed their reply papers. Dkt. 118.

On September 29, 2020 Lead Counsel and Defendants' Counsel participated in a full-day mediation session before the Honorable Michael Burrage, Esq. of Whitten Burrage LLP. In advance of that session, the Parties prepared and exchanged detailed mediation statements. Additionally, Mammoth provided Lead Plaintiffs with discovery under certain restrictive conditions, which limited use of the documents to mediation unless and until the PSLRA stay of discovery was lifted. This discovery consisted of nearly 90,000 documents. The session ended without any agreement being reached.

The parties continued to discuss grounds for resolving the case following the conclusion of the mediation session.

By Order dated January 26, 2021, Judge Jones granted Ellison's motion to dismiss and granted in part and denied in part the motion to dismiss filed by Mammoth, Straehla, and Layton. Dkt.123. The Order – which dismissed all claims against Mammoth, Straehla, and Layton except for those based on statements and omissions made on or after March 15, 2019 – ended the PSLRA stay and allowed Lead Counsel to thoroughly review and use the discovery materials produced for mediation.

Counsel for Lead Plaintiff and for Defendants Mammoth, Straehla, and Layton continued to hold numerous discussions over resolution of the case following Judge Jones' January 26, 2021 Order. Those discussions ultimately resulted in an agreement, on March 12, 2021, to settle and release all claims arising out of, based upon, or related to their purchase or acquisition of Mammoth common stock during the Class Period and the allegations, representations, or omissions set forth in the SAC in return for a cash payment by or on behalf of Defendants of $11,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

At the time of the agreement to settle, Lead Counsel had reviewed nearly 90,000 documents produced by Defendants and was prepared to file a third amended complaint, based on the review of those documents, and citing evidence from those documents.

The Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

Based upon their investigation, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

The Settlement constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

On _____, 2021, the Court preliminarily approved the Settlement, authorized the Notice to be mailed to potential Settlement Class Members and to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **How do I know if I am affected by the Settlement?** |
| :---: |
| **Who is included in the Settlement Class?** |

If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> All persons and entities that purchased or otherwise acquired Mammoth Energy Services, Inc. common stock between October 19, 2017 and June 5, 2019, inclusive, and were damaged thereby.

Excluded from the Settlement Class are Defendants; the officers and directors of the Company during the Settlement Class Period (the "Excluded Officers and Directors"); members of the Immediate Families of the Individual Defendants and of the Excluded Officers and Directors; any entity in which any Defendant, any Excluded Officer and Director, or any of their respective Immediate Family members had during the Settlement Class Period and/or has a controlling interest; and the legal representatives, heirs successors or assigns of any excluded person or entity, in their respective capacity as such. For avoidance of doubt, Wexford Capital LP and its affiliates and Gulfport Energy Corporation and its affiliates are Excluded from the Settlement Class. Also excluded from the Settlement Class are the persons and entities who or which timely and validly seek exclusion from the Settlement Class or whose request for exclusion is accepted by the Court. *See* "What if I do not want to be a member of the Settlement Class? How do I exclude myself," on page 12 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form included with this mailing and available for download online at www.MammothSecuritiesSettlement.com, and the required supporting documentation as set forth therein, postmarked no later than _____, 2021.**

7

## What are Lead Plaintiffs' reasons for the Settlement?

Lead Plaintiffs and Class Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Among other things, Plaintiffs faced the risk that they would fail to successfully amend their complaint to reassert dismissed claims; or fail to certify a class in whole or in part, or that Defendants would succeed in reducing the total amount of damages available to the class, or would succeed in having the case dismissed in whole or in part at summary judgment or at trial.

Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## What might happen if there were no Settlement?

If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## How are Settlement Class members affected by the Action and the Settlement?

As a Settlement Class Member, you are represented by Lead Plaintiffs and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When and where will the court decide whether to approve the settlement?," on page 12 below.

If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What if I do not want to be a member of the settlement class? How do i exclude myself?," on page 12 below.

If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When and where will the court decide whether to approve the settlement?," below.

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released

8

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Plaintiffs' Claim (as defined below) against the Defendants and the other Defendants' Releasees (as defined below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

"Released Plaintiffs' Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, rule, ordinance, administrative provision or regulation, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the SAC; (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the SAC and that relate to the purchase or acquisition of Mammoth common stock during the Settlement Class Period, including but not limited to those allegations, transactions, facts, matters, occurrences, representations, or omissions related to Cobra's two contracts with PREPA in the wake of Hurricane Maria; or (iii) could have asserted in any forum that arise out of or relate in any way to the defense or settlement of the claims asserted in the Action.  Released Plaintiffs' Claims do not include: (a) any claims relating to the enforcement of the Settlement; (b) any Excluded Claims; and (c) any claims brought on a derivative basis on behalf of Mammoth.

"Defendants' Releasees" means Defendants and their current and former parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, current or former directors, officers, employees, attorneys, accounts, insurers, agents, representatives, principals, assigns, subrogees, stockholders, partners, trustees, heirs, beneficiaries, servants, all persons claiming rights derivatively of them, and all other persons, trusts, partners, entities or corporations in privity with any of them or otherwise affiliated or related to any of them, in their capacities as such.

"Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or release party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

9

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which timely and validly seeks exclusion from the Settlement Class or whose request for exclusion is accepted by the Court.

"Released Defendants' Claims" means all claims and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, rule, ordinance, administrative provision or regulation, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

"Plaintiffs' Releasees" means Lead Plaintiffs, any other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

| How do I participate in the Settlement? What do I need to do? |
| --- |

To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2021**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.MammothSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-489-3884. Please retain all records of your ownership and transactions in Mammoth common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| How much will my payment be? |
| --- |

At this time, it is not possible to make any determinations as to how much any individual Settlement Class Member may receive from the Settlement.

Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid $11,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim

10

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2021, shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Stipulation, but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined on page 9 above) against the Defendants' Releasees (as defined on page 9 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Mammoth common stock held through the ERISA Plan in any Claim Form that they might submit in this Action. They should include ONLY those shares or notes that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Mammoth common stock during the Settlement Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Mammoth common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are shares of Mammoth common stock.

11

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

The proposed Plan of Allocation is available on the website, www.MammothSecuritiesSettlement.com.

**What payment are the attorneys for the Settlement Class seeking? How will the lawyers be paid?**

Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund. At the same time, Class Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $150,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**What if I do not want to be a member of the Settlement Class? How do I exclude myself?**

Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Mammoth Securities Litigation*, ATTN: EXCLUSIONS, c/o Angeion Group, P.O. Box 58220, Philadelphia, PA 19102. The exclusion request must be **received** no later than _____, 2021. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Mammoth Energy Services, Inc.*, Case No. 5:19-cv-00522-SLP"; (c) identify and state the number of shares of Mammoth common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between October 19, 2017 and June 5, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.

If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

**When and where will the Court decide whether to approve the settlement? Do I have to come to the hearing? May I speak at the hearing if I don't like the Settlement?**

**Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

12

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

The Settlement Hearing will be held on _____, 2021 at __:__ _.m., before the Honorable Bernard M. Jones at the United States District Court for the Western District of Oklahoma, 200 NW 4th Street, Oklahoma City, OK 73102, Courtroom 303. The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Western District of Oklahoma at the address set forth below on or before _____, 2021. You must also serve the papers on Class Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2021**.

| <u>Clerk's Office</u> | <u>Class Counsel</u> | <u>Defendants' Counsel</u> |
|---|---|---|
| United States District Court Western District of Pennsylvania Clerk of the Court 200 NW 4th Street Oklahoma City, OK 73102 | **Block & Leviton LLP** Jacob A. Walker 260 Franklin Street, Suite 1860 Boston, MA 02110 | **Quinn Emanuel Urquhart & Sullivan LLP** Michael B. Carlinsky Jacob J. Waldman 51 Madison Avenue 22nd Floor New York, NY 10010 |

Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Mammoth common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between October 19, 2017 and June 5, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at

13

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

the addresses set forth above so that it is *received* **on or before** _____**, 2021**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in on page 13 above so that the notice is *received* **on or before** _____**, 2021**.

The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| What if I bought shares on someone else's behalf? |
|---|

If you purchased or otherwise acquired any Mammoth common stock between October 19, 2017 and June 5, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Mammoth Securities Litigation*, c/o Claims Administrator, 1650 Archer Street, Suite 2210, Philadelphia, PA 19103.  If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.  Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.MammothSecuritiesSettlement.com, by calling the Claims Administrator toll-free at 1-844-489-3884, or emailing the Claims Administrator at info@MammothSecuritiesSettlement.com.

| Can I see the court file? Whom should I contact if I have questions? |
|---|

This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular hours at the Office of the Clerk, United States District Court for the Western District of Oklahoma, 200 4th Street, Oklahoma City, OK 73102. Additionally, copies of the Stipulation and any related ordered entered by the Court will be posted on the website maintained by the Claims Administrator, www.MammothSecuritiesSettlement.com.

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Class Counsel at:

| | | |
|---|---|---|
| *Mammoth Securities Litigation* | and/or | **Block & Leviton LLP** |
| c/o Claims Administrator | | Attn:   Jacob A. Walker |
| 1650 Archer Street, Suite 2210 | | 260 Franklin Street, Suite 1860 |
| Philadelphia, PA 19103 | | Boston, MA 02110 |
| 1-844-489-3884 | | Telephone: (617) 398-5617 |
| info@MammothSecuritiesSettlement.com | | Email: jake@blockleviton.com |
| www.MammothSecuritiesSettlement.com | | |

**Do not call or write the Court, the Office of the Clerk of the Court, Defendants, or their Counsel regarding this Notice.**

[DATE]                                  By Order of the Court
                                        United States District Court, Western District of Oklahoma

15

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Exhibit A-1 (Supplement)

**PROPOSED PLAN OF ALLOCATION**

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement proceeds to those Settlement Class Members who claim to have suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

2.      The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period during which Lead Plaintiffs allege corrective information was entering the marketplace. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts between October 19, 2017 and June 5, 2019, which had the effect of artificially inflating the prices of Mammoth common stock.

3.      In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of Mammoth common stock. The alleged corrective disclosures that removed the artificial inflation from the price of Mammoth common stock occurred on March 15, 2019 and June 5, 2019. Accordingly, in order to have a Recognized Loss Amount, a Settlement Class Member who purchased shares of Mammoth common stock during the Class Period must have held such shares through at least one of the alleged corrective disclosures.

4.      The entire Net Settlement Fund shall be distributed to members of the Settlement Class, other than the portion of the Net Settlement Fund that cannot be distributed because of prohibitive administrative costs, which remainder shall be donated to a non-sectarian, non-profit organization.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

5.       Based on the formulas stated in the tables set forth below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Mammoth common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. All dates are inclusive unless otherwise specified. If a Recognized Loss Amount

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

| For shares purchased between October 19, 2017 and March 14, 2019: | |
|---|---|
| and sold prior to March 15, 2019 | $0.00 (No recognized loss) |
| and sold between March 15, 2019 and June 5, 2019 (prior to 3:44 p.m. ET)[1] | $2.42 per share |
| and sold between June 5, 2019 (at or after 3:44 p.m. ET) and prior to June 6, 2019 | The lesser of (i) $3.80 per share; or (ii) the purchase price per share *less* $9.53 per share, the closing price on June 5, 2019 |
| and sold from June 6, 2019 to August 30, 2019 | The lesser of (i) $7.19 per share; or (ii) the purchase price per share *less* the average closing price per share between June 5, 2019 and the date of sale as stated in Table A below |
| and held as of the end of closing on August 30, 2019 | The lesser of (i) $7.19 per share; or (ii) the purchase price per share *less* $5.76 per share[2] |

---

[1] For purposes of this Plan of Allocation, the Claims Administrator will assume that any Mammoth common stock transactions on June 5, 2019 at any price equal to or less than $10.46 per share occurred after the corrective information was released to the market at 3:44 p.m. ET on that day, and any Mammoth common stock transactions at any price greater than $10.46 per share occurred prior to the release of the corrective information at 3:44 p.m. ET on June 5, 2019.

[2] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  The average (mean) closing price of Mammoth common stock during the 90-day look-back period from June 5, 2019 through and including August 30, 2019 was $5.76.

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Exhibit A-1 (Supplement)

| For shares purchased between March 15, 2019 and June 5, 2019 (prior to 3:44 p.m. ET): | |
|---|---|
| and sold prior to June 5, 2019 (prior to 3:44 p.m. ET) | $0.00 (No recognized loss) |
| and sold between June 5, 2019 at or after 3:44 p.m. ET and prior to June 6, 2019 | The lesser of (i) $1.38 per share; or (ii) the purchase price per share *less* $9.53 per share, the closing price on June 5, 2019 |
| and sold from June 6, 2019 to August 30, 2019 | The lesser of (i) $4.77 per share; or (ii) the purchase price per share *less* the average closing price per share between June 5, 2019 and the date of sale as stated in Table A below |
| and held as of the end of closing on August 30, 2019 | The lesser of (i) $4.77 per share; or (ii) the purchase price per share *less* $5.76 per share |

## ADDITIONAL PROVISIONS

6.      A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

7.      The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶12 below) is $10.00 or greater.

8.      If a Class Member has more than one purchase/acquisition or sale of Mammoth common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings of Mammoth common stock at the beginning of the Class Period, and then against purchases/acquisitions of Mammoth common stock, in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

9.      Purchases/acquisitions and sales of Mammoth common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Mammoth common stock during the Class Period, shall not be deemed a purchase, acquisition, or sale of the Mammoth common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Mammoth common stock unless (i) the donor or decedent purchased or otherwise acquired such Mammoth common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

donor, on behalf of the decedent, or by anyone else with respect to such Mammoth common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

10.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Mammoth common stock. The date of a "short sale" is deemed to be the date of sale of the Mammoth common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Mammoth common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

11.    Mammoth publicly traded common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts are not securities eligible to participate in the Settlement. With respect to Mammoth common stock purchased or sold through the exercise of an option, the purchase/sale date of the Mammoth common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

12.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

13.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

14.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Plaintiffs' Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation

Exhibit A-1 (Supplement)

approved by the Court, or further orders of the Court. Class Representatives, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

15.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.MammothSecuritiesLitigation.com.

## TABLE A

### Mammoth Common Stock Closing Price and Average Closing Price
### June 5, 2019 – August 30, 2019

| Sale Date | Closing Price | Average Closing Price Between June 5, 2019 and Date Shown | Sale Date | Closing Price | Average Closing Price Between June 5, 2019 and Date Shown |
|---|---|---|---|---|---|
| 6/5/2019 | $9.53 | $9.53 | 7/19/2019 | $6.41 | $6.80 |
| 6/6/2019 | $6.11 | $7.82 | 7/22/2019 | $6.45 | $6.79 |
| 6/7/2019 | $6.24 | $7.29 | 7/23/2019 | $6.39 | $6.78 |
| 6/10/2019 | $5.89 | $6.94 | 7/24/2019 | $6.30 | $6.76 |
| 6/11/2019 | $6.21 | $6.80 | 7/25/2019 | $6.01 | $6.74 |
| 6/12/2019 | $5.94 | $6.65 | 7/26/2019 | $5.97 | $6.72 |
| 6/13/2019 | $6.19 | $6.59 | 7/29/2019 | $5.77 | $6.70 |
| 6/14/2019 | $5.88 | $6.50 | 7/30/2019 | $6.38 | $6.69 |
| 6/17/2019 | $6.13 | $6.46 | 7/31/2019 | $6.48 | $6.68 |
| 6/18/2019 | $6.22 | $6.43 | 8/1/2019 | $6.03 | $6.67 |
| 6/19/2019 | $5.75 | $6.37 | 8/2/2019 | $4.50 | $6.62 |
| 6/20/2019 | $6.27 | $6.36 | 8/5/2019 | $4.70 | $6.57 |
| 6/21/2019 | $6.76 | $6.39 | 8/6/2019 | $4.44 | $6.52 |
| 6/24/2019 | $6.56 | $6.41 | 8/7/2019 | $4.55 | $6.48 |
| 6/25/2019 | $6.61 | $6.42 | 8/8/2019 | $4.25 | $6.43 |
| 6/26/2019 | $6.73 | $6.44 | 8/9/2019 | $4.21 | $6.38 |
| 6/27/2019 | $7.07 | $6.48 | 8/12/2019 | $4.38 | $6.34 |
| 6/28/2019 | $6.88 | $6.50 | 8/13/2019 | $4.34 | $6.30 |
| 7/1/2019 | $7.42 | $6.55 | 8/14/2019 | $4.10 | $6.26 |
| 7/2/2019 | $7.19 | $6.58 | 8/15/2019 | $3.84 | $6.21 |

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Exhibit A-1 (Supplement)

| Sale Date | Closing Price | Average Closing Price Between June 5, 2019 and Date Shown | Sale Date | Closing Price | Average Closing Price Between June 5, 2019 and Date Shown |
|---|---|---|---|---|---|
| 7/3/2019 | $7.05 | $6.60 | 8/16/2019 | $3.96 | $6.17 |
| 7/5/2019 | $7.50 | $6.64 | 8/19/2019 | $4.34 | $6.13 |
| 7/8/2019 | $7.73 | $6.69 | 8/20/2019 | $4.05 | $6.09 |
| 7/9/2019 | $7.08 | $6.71 | 8/21/2019 | $3.81 | $6.05 |
| 7/10/2019 | $7.30 | $6.73 | 8/22/2019 | $3.70 | $6.01 |
| 7/11/2019 | $7.58 | $6.76 | 8/23/2019 | $3.42 | $5.96 |
| 7/12/2019 | $7.79 | $6.80 | 8/26/2019 | $3.20 | $5.92 |
| 7/15/2019 | $7.28 | $6.82 | 8/27/2019 | $3.21 | $5.87 |
| 7/16/2019 | $6.99 | $6.82 | 8/28/2019 | $3.44 | $5.83 |
| 7/17/2019 | $6.81 | $6.82 | 8/29/2019 | $3.63 | $5.79 |
| 7/18/2019 | $6.48 | $6.81 | 8/30/2019 | $3.64 | $5.76 |

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Exhibit A-2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE MAMMOTH ENERGY
SERVICES, INC. SECURITIES
LITIGATION

Case No. CIV-19-522-J

CLASS ACTION

## PROOF OF CLAIM AND RELEASE

*General Instructions*

- This Proof of Claim and Release form ("Claim Form") incorporates by reference the definitions in the Notice of Pendency of Class Action and Proposed Settlement; Settlement Fairness Hearing; and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") and, unless defined herein, capitalized words and terms shall have the same meanings as they have in the Notice.

- To recover as a member of the Settlement Class based on your claims in the above-captioned Action, you must complete this Claim Form. If you fail to file a properly addressed (as set forth below) Claim Form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

- Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

- You **must submit your completed and signed Claim Form by _____, 2021, addressed as follows:**

*Mammoth Securities Litigation*
*c/o Claims Administrator*
*1650 Arch Street, Suite 2210*
*Philadelphia, PA 19103*

- A Claim Form shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid. All other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator.

- If you are **NOT** a member of the Settlement Class, as defined in the Notice, **DO NOT** submit a Claim Form.

- If you are a member of the Settlement Class, you are bound by the terms of the Stipulation and the Settlement, as well as any Order and Final Judgment entered in the Action **whether or not you submit a Claim Form.**

### *Claimant Identification*

If you purchased or otherwise acquired Mammoth Energy Services, Inc. common stock between October 19, 2017 and June 5, 2019, inclusive (the "Settlement Class Period"), and held (or hold) the stock certificate(s) in your name, you are the beneficial owner as well as the record owner. If, however, the stock certificate(s) were or are registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

Name of Beneficial Owner (First, Middle, Last) if Beneficial Owner is an individual, joint, or IRA account:

Name of Entity if Beneficial Owner is an entity, *e.g.,* corporation, trustee, estate, etc.:

Street Address:

| City: | State: | Zip Code: |
|---|---|---|
| | | |

| Foreign Province and Postal Code: | Country: |
|---|---|
| | |

| E-mail Address: | Telephone No.: |
|---|---|
| | |

Account Number / Fund Number (not necessary for individual filers):

Taxpayer Identification Number for Beneficial Owner(s)

| Social Security No. (for individuals): | Taxpayer Identification No.: |
|---|---|
| | |

Identify each owner of record ("nominee"), if different from the beneficial owner of Mammoth common stock who forms the basis of this claim. **This claim must be made by the actual beneficial owner or owners, or the legal representative(s) of such owner or owners, of the Mammoth common stock upon which this claim is based.**

*Questions? Call 1-844-489-3884 or visit*
*www.MammothSecuritiesLitigation.com*

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

All joint beneficial purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons and/or entities represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

Name of Joint Beneficial Owner, if any (First, Middle, Last):

|  |
|--|

### *Claim Form*

- In the space provided on the following page, supply all required details of your transaction(s) in Mammoth common stock. If you need more space, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

- Please provide all of the requested information with respect to *all* of your purchases, acquisitions, and sales of Mammoth common stock which took place at any time during the Settlement Class Period, whether such transactions resulted in a profit or loss. Failure to report all such transactions may result in the rejection of your claim.

- List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

- You must submit documentation for your trading history. Acceptable documentation may include: (a) monthly stock brokerage or other investment account statements; (b) trade confirmation slips; (c) a signed letter from your broker on firm letterhead containing the transactional and holding information found in a broker confirmation slip or account statement; or (d) other equivalent proof of your transactions. **Do not send originals.** Broker confirmations or other documentation of your transactions in Mammoth common stock should be attached to your claim. Failure to provide this documentation could delay verification or your claim or result in rejection of your claim.

- The requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at claimant's cost.

*Questions? Call 1-844-489-3884 or visit*
            *www.MammothSecuritiesLitigation.com*

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

*At the open of trading on October 19, 2017, how many shares of Mammoth common stock did you own? (If none, write "zero" or "0"; if other than zero, this must be documented):*

_____ shares

*List each individual **purchase or acquisition** of Mammoth common stock between and including October 19, 2017 and June 5, 2019, as follows:*

| Date(s) of Purchase (list chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased/Acquired | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

*List each individual **sale** of Mammoth common stock between and including October 19, 2017 and June 5, 2019, as follows:*

| Date(s) of Sale (list chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sales Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

*At the close of trading on June 5, 2019, how many shares of Mammoth common stock did you hold?*

_____ shares

4          *Questions? Call 1-844-489-3884 or visit www.MammothSecuritiesLitigation.com*

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

*Submission to Jurisdiction of Court, Acknowledgements and Releases*

**Please review the following submission to jurisdiction and sign below on page 7.**

I (we) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement dated as of May __, 2021 ("Stipulation"), and in connection with the settlement (the "Settlement") of claims against Mammoth, Arty Straehla, Mark Layton, and Keith Ellison (collectively, "Defendants") contemplated therein. I (we) also submit to the jurisdiction of the United States District Court for the Western District of Oklahoma, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any Order and Final Judgment (defined below) that may be entered in the Action. I (we) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (we) have not submitted any other claim covering the same purchases, acquisitions, and sales of Mammoth common stock during the Settlement Class Period and know of no other person or entity having done so on my (our) behalf.

**Please review the following release for claims against Defendants and sign below on page _.**

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever waive, compromise, settle, release, resolve, relinquish, discharge and dismiss all of the Released Plaintiffs' Claims against each and all of the Defendants and the Defendants' Releasees as contemplated in the Stipulation.

The Stipulation contemplates the issuance of an order and final judgment (the "Order and Final Judgment"), which shall dismiss the Action with prejudice and bar all claims, demands, rights, liabilities, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or unliquidated, accrued or not accrued, including those that are concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, or any other law, rule, ordinance, administrative provision or regulation that Lead Plaintiffs or any other member of the Settlement Class, in any capacity: (i) asserted in the Amended Complaint; (ii) could have asserted in any forum that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (1) the allegations, transactions, facts, events, matters, occurrences, representations, omissions, or any other matter whatsoever involved, set forth, or referred to, or otherwise related, directly or indirectly, to the allegations in the Second Amended Complaint, including but not limited to those allegations, transactions, facts, events, matters, occurrences, representations, or omissions related to two service agreements entered into by one of Mammoth's indirect subsidiaries, Cobra Acquisitions, LLC, with the Puerto Rico Electric Power Authority, and (2) the purchase, sale, acquisition, or disposition of Mammoth common stock during the Settlement Class Period; or (iii) could have been asserted in any forum that arise out of or relate in any way to the defense of settlement of the claims asserted in the Action, provided, however that the Released Plaintiffs' Claims do not include: (a) any claims relating to the enforcement of the Settlement; (b) any Excluded Claims; and (c) any derivative claims brought on behalf of Mammoth Energy Services, Inc.

*Questions? Call 1-844-489-3884 or visit www.MammothSecuritiesLitigation.com*

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Unknown Claims are expressly included in the definition of Released Plaintiffs' Claims, and that such inclusion was expressly bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendants or any other Defendants' Releasee does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.

The Settlement is intended to extinguish all of the Released Plaintiffs' Claims and the Released Defendants' Claims and, consistent with such intention, upon the Effective Date, Defendants and Lead Plaintiffs expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States or any foreign state, or principle of common law or foreign law, which may have the effect of limiting the releases set forth above. This shall include a waiver by the Lead Plaintiffs and each of the Settlement Class Members and Defendants of any rights pursuant to section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The foregoing waiver was separately bargained for, is a material element of the Settlement and was relied upon by each and all of the Defendants in entering into the Settlement.

This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

**Please review the following representations and sign below on page 7.**

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases or acquisitions of Mammoth common stock that occurred during the Class Period, all of my (our) sales of that Mammoth common stock between and including October 19, 2017 and June 5, 2019, and the number of shares of Mammoth common stock held by me (us) at the open of trading on October 19, 2017, and the number of shares of Mammoth common stock held by me (us) at the close of trading on June 5, 2019.

*Questions? Call 1-844-489-3884 or visit*
*www.MammothSecuritiesLitigation.com*

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

I (We) hereby warrant and represent that I am (we are) not excluded from the Class as defined in the Notice.

I (We) declare under the penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

| | |
|---|---|
| Executed this _____ of _____ in<br><br>_____, _____.<br><br>_____<br>(Signature of Claimant)<br><br><br>_____<br>(Type or print name of Claimant)<br><br><br>_____<br>(Capacity of person signing above, *e.g.*, Beneficial Purchaser(s), Administrator, Executor, Trustee, Custodian, Power of Attorney, etc.)<br><br>Proof of Authority to File Enclosed?<br>_____ Yes    _____ No<br>(*See Section* __) | Executed this _____ of _____ in<br><br>_____, _____.<br><br>_____<br>(Signature of Claimant)<br><br><br>_____<br>(Type or print name of Claimant)<br><br><br>_____<br>(Capacity of person signing above, *e.g.*, Beneficial Purchaser(s), Administrator, Executor, Trustee, Custodian, Power of Attorney, etc.)<br><br>Proof of Authority to File Enclosed?<br>_____ Yes    _____ No<br>(*See Section* __) |

**Accurate claims processing takes a significant amount of time.**
**Thank you for your patience.**

**Reminder Checklist:**

1. Please sign the Certification section of the Proof of Claim and Release on Page 7.

2. If this claim is being made on behalf of joint beneficial claimants, both must sign.

3. Remember to attach supporting documentation.

4. Do not send original stock certificates.

5. Keep a copy of your Proof of Claim and Release form and all documents submitted for your records.

6. If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

*Questions? Call 1-844-489-3884 or visit*
*www.MammothSecuritiesLitigation.com*

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

7. If you move, please send the Claims Administrator your new address.

**THESE FORMS AND YOUR SUPPORTING DOCUMENTATION MUST BE SUBMITTED NO LATER THAN _____, 2021.**

*Questions? Call 1-844-489-3884 or visit*
*www.MammothSecuritiesLitigation.com*

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Exhibit A-3

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

IN RE MAMMOTH ENERGY
SERVICES, INC. SECURITIES
LITIGATION

Case No. CIV-19-522-J

CLASS ACTION

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; SETTLEMENT FAIRNESS HEARING; AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

TO:   **All persons and entities who, during the period between October 19, 2017 and June 5, 2019, inclusive, purchased or otherwise acquired Mammoth Energy Services, Inc. common stock and were injured thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, that the Court-appointed Lead Plaintiffs, on behalf of themselves and the Settlement Class, have reached a proposed settlement of the above-captioned litigation (the "Action") for $11,000,000 in cash that, if approved, would resolve all claims in the Action (the Settlement"). Defendants have denied the claims asserted against them and have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.

YOU ARE HEREBY FURTHER NOTIFIED, that the Action has been preliminarily certified as a class action, and that pursuant to an Order of the Honorable Bernard M. Jones in the United States District Court for the Western District of Oklahoma (the "Court"), dated _____, 2021, a hearing will be held on _____, 2021 at ____:____.m, (the "Settlement Hearing") before Judge Jones at the United States District Court for the Western District of Oklahoma,  200 NW 4th Street, Oklahoma City, OK 73102, Courtroom 303, to determine: (a) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) whether a judgment should be entered dismissing the Action with prejudice against the Defendants; (c) whether the Proposed Plan of Allocation should be approved as fair and reasonable; and (d) whether Lead Counsel's motion for attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.MammothSecuritiesSettlement.com. You

Exhibit A-3

may also obtain copies of the Notice and Claim Form by contacting the Claim Administrator at *Mammoth Securities Litigation* c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadephia, PA 19103, info@MammothSecuritiesSettlement.com, (844) 489-3884.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 202_. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____ _, 2021, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2021, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Mammoth or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Block & Leviton LLP
Attn: Jacob A. Walker
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5617
Email: jake@blockleviton.com

Requests for the Notice and Claim Form should be made to:

*Mammoth Securities Litigation*
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Telephone: (844) 489-3884
Email: info@MammothSecuritiesSettlement.com
www.MammothSecuritiesSettlement.com

By Order of the Court.

**Exhibit B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

IN RE MAMMOTH ENERGY
SERVICES, INC. SECURITIES
LITIGATION

Case No. CIV-19-522-J

CLASS ACTION

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a consolidated class action is pending in this Court entitled *In re Mammoth Energy Services, Inc.*, Case No. 5:19-cv-00522-J (the "Action");

WHEREAS, (a) Lead Plaintiffs Daniel Furia, Vincent Furia, and Sharon Furia, on behalf of themselves and the Settlement Class (defined below), and (b) defendants Mammoth Energy Service, Inc. ("Mammoth" or the "Company"), Arty Straehla, and Mark Layton (together with Mammoth, Straehla, and Keith Ellison, the "Defendants") (collectively with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated April 30, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2021 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for the purpose of effectuating the Settlement, finding the prerequisites for class action certification under

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Rule 23 of the Federal Rules of Civil Procedure with respect to the Settlement Class were satisfied; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2021 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on April 30, 2021; and (b) the Notice, the Summary Notice, and the Proof of Claim form, all of which were filed with the Court on _____, 2021.

3.      **Certification of the Settlement Class for Purposes of Settlement** – Pursuant to

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of the Settlement Class defined as: all persons and entities that purchased or otherwise acquired Mammoth Energy Services, Inc. common stock between October 19, 2017 and June 5, 2019, inclusive, and were damaged thereby. Excluded from the Settlement Class are Defendants; the officers and directors of the Company during the Settlement Class Period (the "Excluded Officers and Directors"); members of the Immediate Families of the Individual Defendants and of the Excluded Officers and Directors; any entity in which any Defendants, any Excluded Officer or Director, or any of their respective Immediate Family members had during the Settlement Class Period and/or has a controlling interest; and the legal representatives, heirs, successors or assigns of any excluded person or entity, in their respective capacity as such. For avoidance of doubt, Wexford Capital LP and its affiliates and Gulfport Energy Corporation and its affiliates are Excluded from the Settlement Class. Also excluded from the Settlement Class are the persons or entities who or which timely and validly submitted a request for exclusion from the Settlement Class that was accepted by the Court; such persons and entities are listed on the attached Exhibit _.

4.    Lead Plaintiffs are hereby appointed, for purposes of effectuating the Settlement only, as representatives for the Settlement Class for purposes of Federal Rule of Civil Procedure 23. Block & Leviton LLP, who was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5.    **Notice** – The Court finds that the dissemination of the Notice, the online posting of the Notice, and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the

3

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

8.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9.     **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against the Defendants and the other Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(u) of the Stipulation).

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each

5

and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

10.    Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.    **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil,

6

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.    **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71

14.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of March 12, 2021, as provided in the Stipulation.

17.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Bernard M. Jones
United States District Judge

8

Doc ID: ada755edf2a25ca44ceeda1b5165275c3b08aa71