Exhibit 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE MAMMOTH ENERGY SERVICES, INC. SECURITIES LITIGATION | Case No. CIV-19-522-J<br><br>CLASS ACTION |

**Notice of Pendency of Class Action and Proposed Settlement; Settlement Fairness Hearing; and Request for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses**

---

**A Federal Court has authorized this Notice. This is not a solicitation from a lawyer.**

Please read this notice carefully. An $11 million settlement has been reached for investors in Mammoth Energy Services, Inc. stock between October 19, 2017 and June 5, 2019. If you are a member of the Settlement Class, your legal rights will be affected whether you act or not.

---

**Notice of Pendency of Class Action:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Western District of Oklahoma (the "Court" or the "Oklahoma Court") if, during the period between October 19, 2017 and June 5, 2019, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Mammoth Energy Services, Inc. Common Stock and were damaged thereby.[1]

**Notice of Settlement:** Please also be advised that the Court-appointed Lead Plaintiffs, on behalf of themselves and the Settlement Class (as defined below), have reached a proposed settlement of this Action for $11,000,000 in cash that, if approved, would resolve all claims in the Action (the "Settlement").

**Please read this notice carefully.** It explains important rights you may have, including the possible receipt of cash from the Settlement. **Your rights are affected whether or not you act** if you are a member of the Settlement Class.

If you have any questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement, please do not contact Mammoth Energy Services, Inc., any other Defendants in the Action, or their counsel. Questions should be directed to Class Counsel or the Claims Administrator (see page 13).

---

[1] Capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 30, 2021 (the "Stipulation"), which is available at www.MammothSecuritiesSettlement.com.

### Description of the Action and the Settlement Class

This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Mammoth Energy Services, Inc. ("Mammoth") Arty Straehla, Mark Layton, and Keith Ellison (collectively, the "Defendants") violated the federal securities laws by making false and misleading statements relating to contracts between the Puerto Rico Electric Power Authority ("PREPA") and an indirect Mammoth subsidiary, and related payments. A more detailed description of the Action is set forth on pages 5-7 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined on page 7 below.

### Statement of the Settlement Class' Recovery

Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $11,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on the website, www.MammothSecuritiesSettlement.com.

### Estimate of the Average Amount of Recovery Per Share

Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Mammoth common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is approximately 70 cents per share. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Mammoth common stock and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* the website, www.MammothSecuritiesSettlement.com.) or such other plan of allocation as may be ordered by the Court.

### Estimate of the Average Amount of Damages Per Share

The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct. Lead Plaintiffs' damages expert estimated a range of damages between $14.9 million and $90.7 million, depending on the application of certain assumptions.

### Attorneys' Fees and Expenses Sought

Plaintiffs' Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception

in 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court appointed Class Counsel, Block & Leviton LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund. In addition, Class Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $150,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court, or any Lead Plaintiff award, shall be paid solely from the Settlement Fund and shall be paid to Class Counsel, or with respect to a Lead Plaintiff award, paid to Lead Plaintiff, within five days following an award ordered by the Court, provided that there has been final approval of the Stipulation of Settlement by the Court. If there is any appeal of an award of attorneys' fees and expenses, or of a Lead Plaintiff award, Class Counsel shall repay any amount of attorneys' fees or expenses reversed on appeal to the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Mammoth common stock, if the Court approves Class Counsel's fee and expense application, is no more than 22 cents per eligible share.

### Identification of Attorneys' Representatives

Lead Plaintiffs and the Settlement Class are represented by Block & Leviton LLP, 260 Franklin Street, Suite 1860, Boston, MA 02110. You may contact attorney Jacob A. Walker at jake@blockleviton.com, or at (617) 398-5617.

### Reasons for the Settlement

Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after motions to amend the complaint, for class certification, summary judgment, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| Your Legal Rights and Options in the Settlement | |
|---|---|
| **Submit a claim.**<br>Submit a Claim Form postmarked no later than _____, 2021. | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined below) that you have against Defendants and the other Defendants' Releasees (defined below), so it is in your interest to submit a Claim Form. |
| **Exclude yourself.**<br>Exclude yourself from the Settlement Class by submitting a | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any |

3

| | |
|---|---|
| written exclusion so that it is received by no later than _____, 2021. | other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **Object.**<br><br>Object to the Settlement by submitting a written objection so that it is received no later than _____, 2021. | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **Appear at a hearing.**<br><br>Attend a hearing on _____, and file a Notice of Intention to Appear so that it is received no later than _____, 2021. | Filing a written objection and notice of Intention to Appear by _____, 2021 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **Do nothing.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

### Why did I get the Notice?

The Court directed that the Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more shares of Mammoth common stock during the Settlement Class Period. The Court also directed that this Notice be posted online at www.MammothSecuritiesSettlement.com. The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* page 12 below for details about the Settlement Hearing, including the date

and location of the hearing.

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| **What is the case about?** |
|---|

This litigation stems from the federal indictment of Defendant Keith Ellison for, among other things, conspiracy to commit bribery against the United States, honest services wire fraud, and disaster fraud relating to two services agreements entered into by one of Mammoth's indirect subsidiaries, Cobra Acquisitions, LLC ("Cobra") with the Puerto Rico Electric Power Authority ("PREPA") concerning work in connection with Puerto Rico's electrical grid in the wake of Hurricane Maria. Plaintiffs' claims arise from Defendants' statements about Cobra's procurement and performance of the work, and the likelihood that Cobra would be paid in full by PREPA under the contracts.

On June 7, 2019, Plaintiff Thomas Scuderi initiated this Action by filing a Class Action Complaint for Violations of the Federal Securities Laws in the Western District of Oklahoma, styled *Scuderi v. Mammoth Energy Services, Inc., et al.*, Case No. 5:19-cv-00522-SLP. Dkt. 1. The Action was assigned to United States District Judge Scott L. Palk. On June 19, 2019, Plaintiff Justas Normantas filed a related action captioned *Normantas v. Mammoth Energy Services, Inc.., et al.*, Case No. 5:19-cv-00560-SLP. On August 6, 2019, Plaintiff Sarasota General Employees Defined Benefit Pension Plan filed a related action captioned *Sarasota General Employees Defined Benefit Pension Plan v. Mammoth Energy Services, Inc.*, et al., Case No. 5:19-cv-00720-SLP.

By Order dated September 13, 2019, Judge Palk ordered that the three cases be consolidated into *In re Mammoth Energy Services, Inc.*, Case No. 5:19-cv-00522-SLP, appointed Daniel Furia, Vincent Furia, and Sharon Furia as Lead Plaintiffs and approved Lead Plaintiffs' selection of Block & Leviton LLP as Lead Counsel. Judge Palk deferred ruling on appointment of Jones, Gotcher & Bogan, P.C. as local counsel pending submission of information demonstrating the firm's qualifications. Dkt. 41.

By Order Dated September 25, 2019, Judge Palk appointed Jones, Gotcher & Bogan, P.C. as Local Counsel. Dkt. 45.

By Order Dated January 6, 2020, the Clerk of Court, at the direction of Judge Palk, reassigned the case to United States District Judge Bernard M. Jones. Dkt. 71.

On January 10, 2020, Defendants Mammoth, Straehla, and Layton filed a motion to dismiss the claims alleged against them in the FAC. Dkt. 76. On February 24, 2020, Plaintiffs filed their papers in opposition, as well as a motion for leave to file second amended complaint. Dkts. 88, 87. Judge Jones granted Plaintiffs' motion for leave to file second amended complaint on March 9, 2020. Dkt. 92

Also on March 9, 2020, Plaintiffs filed their Second Amended Complaint for Violation of the Federal Securities Laws (the "SAC"), again asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendants Arty Straehla, Mark Layton, and Keith Ellison under Section 20(a) of the Exchange Act.  Dkt. 93.

On March 30, 2020, Defendants Mammoth, Straehla, and Layton filed a motion to dismiss the claims alleged against them in the SAC, and Defendant Ellison filed a separate motion to dismiss the claims alleged against him in the SAC. Dkts. 104, 105. Lead Plaintiffs filed their opposition papers to the motions to dismiss on April 20, 2020. Dkts. 109, 111. On April 27, 2020, Ellison filed his reply papers, Dkt. 115, and, on May 4, 2020, Mammoth, Straehla, and Layton filed their reply papers. Dkt. 118.

On September 29, 2020 Lead Counsel and Defendants' Counsel participated in a full-day mediation session before the Honorable Michael Burrage, Esq. of Whitten Burrage LLP. In advance of that session, the Parties prepared and exchanged detailed mediation statements. Additionally, Mammoth provided Lead Plaintiffs with discovery under certain restrictive conditions, which limited use of the documents to mediation unless and until the PSLRA stay of discovery was lifted. This discovery consisted of nearly 90,000 documents. The session ended without any agreement being reached.

The parties continued to discuss grounds for resolving the case following the conclusion of the mediation session.

By Order dated January 26, 2021, Judge Jones granted Ellison's motion to dismiss and granted in part and denied in part the motion to dismiss filed by Mammoth, Straehla, and Layton. Dkt.123. The Order – which dismissed all claims against Mammoth, Straehla, and Layton except for those based on statements and omissions made on or after March 15, 2019 – ended the PSLRA stay and allowed Lead Counsel to thoroughly review and use the discovery materials produced for mediation.

Counsel for Lead Plaintiff and for Defendants Mammoth, Straehla, and Layton continued to hold numerous discussions over resolution of the case following Judge Jones' January 26, 2021 Order. Those discussions ultimately resulted in an agreement, on March 12, 2021, to settle and release all claims arising out of, based upon, or related to their purchase or acquisition of Mammoth common stock during the Class Period and the allegations, representations, or omissions set forth in the SAC in return for a cash payment by or on behalf of Defendants of $11,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

At the time of the agreement to settle, Lead Counsel had reviewed nearly 90,000 documents produced by Defendants and was prepared to file a third amended complaint, based on the review of those documents, and citing evidence from those documents.

The Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

Based upon their investigation, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

The Settlement constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further

protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

On _____, 2021, the Court preliminarily approved the Settlement, authorized the Notice to be mailed to potential Settlement Class Members and to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

**How do I know if I am affected by the Settlement?**
**Who is included in the Settlement Class?**

If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> All persons and entities that purchased or otherwise acquired Mammoth Energy Services, Inc. common stock between October 19, 2017 and June 5, 2019, inclusive, and were damaged thereby.

Excluded from the Settlement Class are Defendants; the officers and directors of the Company during the Settlement Class Period (the "Excluded Officers and Directors"); members of the Immediate Families of the Individual Defendants and of the Excluded Officers and Directors; any entity in which any Defendant, any Excluded Officer and Director, or any of their respective Immediate Family members had during the Settlement Class Period and/or has a controlling interest; and the legal representatives, heirs successors or assigns of any excluded person or entity, in their respective capacity as such. For avoidance of doubt, Wexford Capital LP and its affiliates and Gulfport Energy Corporation and its affiliates are Excluded from the Settlement Class. Also excluded from the Settlement Class are the persons and entities who or which timely and validly seek exclusion from the Settlement Class or whose request for exclusion is accepted by the Court. *See* "What if I do not want to be a member of the Settlement Class? How do I exclude myself," on page 12 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form included with this mailing and available for download online at www.MammothSecuritiesSettlement.com, and the required supporting documentation as set forth therein, postmarked no later than _____, 2021.**

7

### What are Lead Plaintiffs' reasons for the Settlement?

Lead Plaintiffs and Class Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Among other things, Plaintiffs faced the risk that they would fail to successfully amend their complaint to reassert dismissed claims; or fail to certify a class in whole or in part, or that Defendants would succeed in reducing the total amount of damages available to the class, or would succeed in having the case dismissed in whole or in part at summary judgment or at trial.

Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

### What might happen if there were no Settlement?

If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

### How are Settlement Class members affected by the Action and the Settlement?

As a Settlement Class Member, you are represented by Lead Plaintiffs and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When and where will the court decide whether to approve the settlement?," on page 12 below.

If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What if I do not want to be a member of the settlement class? How do I exclude myself?," on page 12 below.

If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When and where will the court decide whether to approve the settlement?," below.

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released

Plaintiffs' Claim (as defined below) against the Defendants and the other Defendants' Releasees (as defined below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

"Released Plaintiffs' Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, rule, ordinance, administrative provision or regulation, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the SAC; (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the SAC and that relate to the purchase or acquisition of Mammoth common stock during the Settlement Class Period, including but not limited to those allegations, transactions, facts, matters, occurrences, representations, or omissions related to Cobra's two contracts with PREPA in the wake of Hurricane Maria; or (iii) could have asserted in any forum that arise out of or relate in any way to the defense or settlement of the claims asserted in the Action.  Released Plaintiffs' Claims do not include: (a) any claims relating to the enforcement of the Settlement; (b) any Excluded Claims; and (c) any claims brought on a derivative basis on behalf of Mammoth.

"Defendants' Releasees" means Defendants and their current and former parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, current or former directors, officers, employees, attorneys, accounts, insurers, agents, representatives, principals, assigns, subrogees, stockholders, partners, trustees, heirs, beneficiaries, servants, all persons claiming rights derivatively of them, and all other persons, trusts, partners, entities or corporations in privity with any of them or otherwise affiliated or related to any of them, in their capacities as such.

"Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or release party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This release shall not apply to any person or entity who or which timely and validly seeks exclusion from the Settlement Class or whose request for exclusion is accepted by the Court.

"Released Defendants' Claims" means all claims and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, rule, ordinance, administrative provision or regulation, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

"Plaintiffs' Releasees" means Lead Plaintiffs, any other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

| **How do I participate in the Settlement? What do I need to do?** |
|---|

To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2021**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.MammothSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-489-3884. Please retain all records of your ownership and transactions in Mammoth common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **How much will my payment be?** |
|---|

At this time, it is not possible to make any determinations as to how much any individual Settlement Class Member may receive from the Settlement.

Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid $11,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim

Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2021, shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Stipulation, but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined on page 9 above) against the Defendants' Releasees (as defined on page 9 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Mammoth common stock held through the ERISA Plan in any Claim Form that they might submit in this Action. They should include ONLY those shares or notes that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Mammoth common stock during the Settlement Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Mammoth common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are shares of Mammoth common stock.

The proposed Plan of Allocation is available on the website, www.MammothSecuritiesSettlement.com.

| **What payment are the attorneys for the Settlement Class seeking? How will the lawyers be paid?** |
|---|

Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund. At the same time, Class Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $150,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

| **What if I do not want to be a member of the Settlement Class? How do I exclude myself?** |
|---|

Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Mammoth Securities Litigation*, ATTN: EXCLUSIONS, c/o Angeion Group, P.O. Box 58220, Philadelphia, PA 19102.  The exclusion request must be ***received*** no later than _____, 2021.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Mammoth Energy Services, Inc.*, Case No. 5:19-cv-00522-SLP"; (c) identify and state the number of shares of Mammoth common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between October 19, 2017 and June 5, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.

If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

| **When and where will the Court decide whether to approve the settlement? Do I have to come to the hearing? May I speak at the hearing if I don't like the Settlement?** |
|---|

**Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

The Settlement Hearing will be held on _____, 2021 at \_\_:\_\_ \_.m., before the Honorable Bernard M. Jones at the United States District Court for the Western District of Oklahoma, 200 NW 4th Street, Oklahoma City, OK 73102, Courtroom 303. The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Western District of Oklahoma at the address set forth below on or before _____, 2021. You must also serve the papers on Class Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2021**.

| **Clerk's Office** | **Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court<br>Western District of Oklahoma<br>Clerk of the Court<br>200 NW 4th Street<br>Oklahoma City, OK 73102 | **Block & Leviton LLP**<br>Jacob A. Walker<br>260 Franklin Street, Suite 1860<br>Boston, MA 02110 | **Quinn Emanuel Urquhart<br>& Sullivan LLP**<br>Michael B. Carlinsky<br>Jacob J. Waldman<br>51 Madison Avenue<br>22nd Floor<br>New York, NY 10010 |

Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Mammoth common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between October 19, 2017 and June 5, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at

the addresses set forth above so that it is *received* on or before _____, **2021**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in on page 13 above so that the notice is *received* **on or before** _____**, 2021**.

The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## What if I bought shares on someone else's behalf?

If you purchased or otherwise acquired any Mammoth common stock between October 19, 2017 and June 5, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Mammoth Securities Litigation*, c/o Claims Administrator, 1650 Archer Street, Suite 2210, Philadelphia, PA 19103. If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.MammothSecuritiesSettlement.com, by calling the Claims Administrator toll-free at 1-844-489-3884, or emailing the Claims Administrator at info@MammothSecuritiesSettlement.com.

## Can I see the court file? Whom should I contact if I have questions?

This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular hours at the Office of the Clerk, United States District Court for the Western District of Oklahoma, 200 4th Street, Oklahoma City, OK 73102. Additionally, copies of the Stipulation and any related ordered entered by the Court will be posted on the website maintained by the Claims Administrator, www.MammothSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Class Counsel at:

| | | |
|---|---|---|
| *Mammoth Securities Litigation*<br>c/o Claims Administrator<br>1650 Archer Street, Suite 2210<br>Philadelphia, PA 19103<br>1-844-489-3884<br>info@MammothSecuritiesSettlement.com<br>www.MammothSecuritiesSettlement.com | and/or | **Block & Leviton LLP**<br>Attn:   Jacob A. Walker<br>260 Franklin Street, Suite 1860<br>Boston, MA 02110<br>Telephone: (617) 398-5617<br>Email: jake@blockleviton.com |

**Do not call or write the Court, the Office of the Clerk of the Court, Defendants, or their Counsel regarding this Notice.**

[DATE]                                              By Order of the Court
                                                    United States District Court, Western District of Oklahoma