Exhibit 2

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE MAMMOTH ENERGY SERVICES, INC. SECURITIES LITIGATION | Case No. CIV-19-522-J<br><br>CLASS ACTION |

## PROOF OF CLAIM AND RELEASE

*General Instructions*

- This Proof of Claim and Release form ("Claim Form") incorporates by reference the definitions in the Notice of Pendency of Class Action and Proposed Settlement; Settlement Fairness Hearing; and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") and, unless defined herein, capitalized words and terms shall have the same meanings as they have in the Notice.

- To recover as a member of the Settlement Class based on your claims in the above-captioned Action, you must complete this Claim Form. If you fail to file a properly addressed (as set forth below) Claim Form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

- Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

- You **must submit your completed and signed Claim Form by** _____**, 2021, addressed as follows:**

  *Mammoth Securities Litigation*
  *c/o Claims Administrator*
  *1650 Arch Street, Suite 2210*
  *Philadelphia, PA 19103*

- A Claim Form shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid. All other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator.

- If you are **NOT** a member of the Settlement Class, as defined in the Notice, **DO NOT** submit a Claim Form.

- If you are a member of the Settlement Class, you are bound by the terms of the Stipulation and the Settlement, as well as any Order and Final Judgment entered in the Action **whether or not you submit a Claim Form.**

*Claimant Identification*

If you purchased or otherwise acquired Mammoth Energy Services, Inc. common stock between October 19, 2017 and June 5, 2019, inclusive (the "Settlement Class Period"), and held (or hold) the stock certificate(s) in your name, you are the beneficial owner as well as the record owner. If, however, the stock certificate(s) were or are registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

Name of Beneficial Owner (First, Middle, Last) if Beneficial Owner is an individual, joint, or IRA account:

Name of Entity if Beneficial Owner is an entity, *e.g.*, corporation, trustee, estate, etc.:

Street Address:

City:    State:    Zip Code:

Foreign Province and Postal Code:    Country:

E-mail Address:    Telephone No.:

Account Number / Fund Number (not necessary for individual filers):

Taxpayer Identification Number for Beneficial Owner(s)
Social Security No. (for individuals):    Taxpayer Identification No.:

Identify each owner of record ("nominee"), if different from the beneficial owner of Mammoth common stock who forms the basis of this claim. **This claim must be made by the actual beneficial owner or owners, or the legal representative(s) of such owner or owners, of the Mammoth common stock upon which this claim is based.**

All joint beneficial purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons and/or entities represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

Name of Joint Beneficial Owner, if any (First, Middle, Last):

*Claim Form*

- In the space provided on the following page, supply all required details of your transaction(s) in Mammoth common stock. If you need more space, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

- Please provide all of the requested information with respect to ***all*** of your purchases, acquisitions, and sales of Mammoth common stock which took place at any time during the Settlement Class Period, whether such transactions resulted in a profit or loss. Failure to report all such transactions may result in the rejection of your claim.

- List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

- You must submit documentation for your trading history. Acceptable documentation may include: (a) monthly stock brokerage or other investment account statements; (b) trade confirmation slips; (c) a signed letter from your broker on firm letterhead containing the transactional and holding information found in a broker confirmation slip or account statement; or (d) other equivalent proof of your transactions. **Do not send originals.** Broker confirmations or other documentation of your transactions in Mammoth common stock should be attached to your claim. Failure to provide this documentation could delay verification or your claim or result in rejection of your claim.

- The requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at claimant's cost.

3

*Questions? Call 1-844-489-3884 or visit*
*www.MammothSecuritiesLitigation.com*

*At the open of trading on October 19, 2017, how many shares of Mammoth common stock did you own? (If none, write "zero" or "0"; if other than zero, this must be documented):*

_____ shares

*List each individual **purchase or acquisition** of Mammoth common stock between and including October 19, 2017 and June 5, 2019, as follows:*

| Date(s) of Purchase (list chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased/Acquired | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

*List each individual **sale** of Mammoth common stock between and including October 19, 2017 and June 5, 2019, as follows:*

| Date(s) of Sale (list chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sales Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

*At the close of trading on June 5, 2019, how many shares of Mammoth common stock did you hold?*

_____ shares

*Submission to Jurisdiction of Court, Acknowledgements and Releases*

**Please review the following submission to jurisdiction and sign below on page 7.**

I (we) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement dated as of May __, 2021 ("Stipulation"), and in connection with the settlement (the "Settlement") of claims against Mammoth, Arty Straehla, Mark Layton, and Keith Ellison (collectively, "Defendants") contemplated therein. I (we) also submit to the jurisdiction of the United States District Court for the Western District of Oklahoma, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any Order and Final Judgment (defined below) that may be entered in the Action. I (we) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (we) have not submitted any other claim covering the same purchases, acquisitions, and sales of Mammoth common stock during the Settlement Class Period and know of no other person or entity having done so on my (our) behalf.

**Please review the following release for claims against Defendants and sign below on page _.**

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever waive, compromise, settle, release, resolve, relinquish, discharge and dismiss all of the Released Plaintiffs' Claims against each and all of the Defendants and the Defendants' Releasees as contemplated in the Stipulation.

The Stipulation contemplates the issuance of an order and final judgment (the "Order and Final Judgment"), which shall dismiss the Action with prejudice and bar all claims, demands, rights, liabilities, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or unliquidated, accrued or not accrued, including those that are concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, or any other law, rule, ordinance, administrative provision or regulation that Lead Plaintiffs or any other member of the Settlement Class, in any capacity: (i) asserted in the Amended Complaint; (ii) could have asserted in any forum that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (1) the allegations, transactions, facts, events, matters, occurrences, representations, omissions, or any other matter whatsoever involved, set forth, or referred to, or otherwise related, directly or indirectly, to the allegations in the Second Amended Complaint, including but not limited to those allegations, transactions, facts, events, matters, occurrences, representations, or omissions related to two service agreements entered into by one of Mammoth's indirect subsidiaries, Cobra Acquisitions, LLC, with the Puerto Rico Electric Power Authority, and (2) the purchase, sale, acquisition, or disposition of Mammoth common stock during the Settlement Class Period; or (iii) could have been asserted in any forum that arise out of or relate in any way to the defense of settlement of the claims asserted in the Action, provided, however that the Released Plaintiffs' Claims do not include: (a) any claims relating to the enforcement of the Settlement; (b) any Excluded Claims; and (c) any derivative claims brought on behalf of Mammoth Energy Services, Inc.

Unknown Claims are expressly included in the definition of Released Plaintiffs' Claims, and that such inclusion was expressly bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendants or any other Defendants' Releasee does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.

The Settlement is intended to extinguish all of the Released Plaintiffs' Claims and the Released Defendants' Claims and, consistent with such intention, upon the Effective Date, Defendants and Lead Plaintiffs expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States or any foreign state, or principle of common law or foreign law, which may have the effect of limiting the releases set forth above. This shall include a waiver by the Lead Plaintiffs and each of the Settlement Class Members and Defendants of any rights pursuant to section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The foregoing waiver was separately bargained for, is a material element of the Settlement and was relied upon by each and all of the Defendants in entering into the Settlement.

This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

**Please review the following representations and sign below on page 7.**

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases or acquisitions of Mammoth common stock that occurred during the Class Period, all of my (our) sales of that Mammoth common stock between and including October 19, 2017 and June 5, 2019, and the number of shares of Mammoth common stock held by me (us) at the open of trading on October 19, 2017, and the number of shares of Mammoth common stock held by me (us) at the close of trading on June 5, 2019.

      I (We) hereby warrant and represent that I am (we are) not excluded from the Class as defined in the Notice.

      I (We) declare under the penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

| | |
|---|---|
| Executed this _____ of _____ in <br><br>_____, _____.<br><br>_____<br>(Signature of Claimant)<br><br>_____<br>(Type or print name of Claimant)<br><br>_____<br>(Capacity of person signing above, *e.g.*, Beneficial Purchaser(s), Administrator, Executor, Trustee, Custodian, Power of Attorney, etc.)<br><br>Proof of Authority to File Enclosed?<br>\_\_\_\_\_ Yes     \_\_\_\_\_ No<br>(*See Section* \_\_) | Executed this _____ of _____ in <br><br>_____, _____.<br><br>_____<br>(Signature of Claimant)<br><br>_____<br>(Type or print name of Claimant)<br><br>_____<br>(Capacity of person signing above, *e.g.*, Beneficial Purchaser(s), Administrator, Executor, Trustee, Custodian, Power of Attorney, etc.)<br><br>Proof of Authority to File Enclosed?<br>\_\_\_\_\_ Yes     \_\_\_\_\_ No<br>(*See Section* \_\_) |

**Accurate claims processing takes a significant amount of time.**
**Thank you for your patience.**

**Reminder Checklist:**

1. Please sign the Certification section of the Proof of Claim and Release on Page 7.

2. If this claim is being made on behalf of joint beneficial claimants, both must sign.

3. Remember to attach supporting documentation.

4. Do not send original stock certificates.

5. Keep a copy of your Proof of Claim and Release form and all documents submitted for your records.

6. If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7

*Questions? Call 1-844-489-3884 or visit*
*www.MammothSecuritiesLitigation.com*

7. If you move, please send the Claims Administrator your new address.

**THESE FORMS AND YOUR SUPPORTING DOCUMENTATION MUST BE SUBMITTED NO LATER THAN _____, 2021.**