**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE MAMMOTH ENERGY SERVICES, INC. SECURITIES LITIGATION | Case No. CIV-19-522-J<br><br>CLASS ACTION |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

WHEREAS, this matter came on for hearing on September 21, 2021 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that Notice of the Settlement substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that the Summary Notice substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested; and

WHEREAS, this Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated April 30, 2021 (ECF No. 130-1) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     **Jurisdiction** – The Court has jurisdiction to enter this Order and over the subject

matter of the Action, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **<u>Notice</u>** – Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and reimbursement of Litigation Expenses satisfied the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

3. **<u>Fee and Expense Award</u>** – Lead Counsel is hereby awarded attorneys' fees in the amount of _____% of the Settlement Fund and $_____ in reimbursement of Litigation Expenses, plus interest, which sums the Court finds to be fair and reasonable. The attorneys' fees and expenses awarded will be paid to Lead Counsel from the Settlement Fund in accordance with the terms of the Stipulation.

4. **<u>Factual Findings</u>** – In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

a. The Settlement has created a fund of $11,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b. The fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiffs, who oversaw the prosecution and resolution of the Action;

c. Over 18,842 Notice Packets were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, and reimbursement of Litigation Expenses in an amount not to exceed $150,000, which amount may include a request for reimbursement to Lead Plaintiffs for costs directly related to their representation of the Settlement Class;

d. Lead Counsel has conducted the litigation and achieved the Settlement with skillful and diligent advocacy;

e. The Action raised a number of complex issues;

f. Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

g. Lead Counsel devoted more than 2,667 hours, with a lodestar value of $1,497,317.50, to achieve the Settlement; and

h. The amount of attorneys' fees awarded and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

5. **PSLRA Award** – Lead Plaintiffs, Daniel Furia, Vincent Furia, and Sharon Furia, are hereby each awarded $_____ from the Settlement Fund as reimbursement for their reasonable costs directly related to their representation of the Settlement Class.

6. **No Impact on Judgment** – Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect

the finality of the Judgment.

7. **<u>Retention of Jurisdiction</u>** – Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

8. **<u>Termination of Settlement</u>** – In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9. **<u>Entry of Order</u>** – There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Bernard M. Jones
United States District Judge